## 75892. THOMPSON v. THE STATE.
(370 SE2d 814)

CARLEY, Judge.

Appellant and his co-defendant were indicted for two counts of armed robbery. Appellant's co-defendant pled guilty to the offenses. Appellant was tried before a jury and found guilty of both counts. Appellant appeals from the judgments of conviction and sentences entered on the jury's verdicts.

1. Appellant enumerates the general grounds. After reviewing the evidence in the light most favorable to the verdict, we find that the State produced sufficient evidence at trial from which a rational trior of fact could have found proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant enumerates as error the trial court's giving of a charge on flight, contending that the charge was not authorized by the evidence presented at trial.

"We disagree with this contention as there was evidence that the perpetrators of the robbery fled the scene after commission of the crimes. . . ." *Harris v. State*, 234 Ga. 871, 874 (218 SE2d 583) (1975). See also *Bullard v. State*, 157 Ga. App. 606, 608 (4) (278 SE2d 26) (1981). " 'It is well established that an instruction is not inapplicable where there is any evidence, however slight, on which to predicate it. [Cit.] To justify a charge on a given subject, it is not necessary there should be compelling evidence giving rise to that point; it is enough if there be something from which a legitimate process of reasoning can be drawn from it by the jury.' [Cit.]" *Garnett v. State*, 167 Ga. App. 792, 793 (307 SE2d 692) (1983). "The charge [on flight] did not intimate to the jury that flight had been proven but left it to the jury to determine whether there was flight, and, if so, what inference might be drawn therefrom." *Harris v. State*, supra at 874. Appellant's enumeration is without merit.

3. The trial court sustained the State's objection to a portion of appellant's closing argument wherein reference was made to the State's failure to present appellant's co-defendant as a witness. This ruling is enumerated as error.

"[I]t is not reasonable to infer that the [S]tate's failure to produce all available inculpatory witnesses means that their testimony would not have been inculpatory or would have been exculpatory." *Wilson v. Zant*, 249 Ga. 373, 385 (4) (290 SE2d 442) (1982). See also *Roper v. State*, 251 Ga. 95, 98 (6) (303 SE2d 103) (1983). "[W]e will not find error where the trial court refuses to allow the defense counsel to argue that the jury may make an impermissible inference [from the failure of the State to present certain witnesses]." *Gannaway v. State*, 142 Ga. App. 87, 88 (2) (235 SE2d 392) (1977). See also *Brown v. State*, 150 Ga. App. 831, 832 (2) (258 SE2d 641) (1979). Moreover, "[i]n this instance the [witness was] as available to [appellant] as to the [S]tate, and the defense could have called [him] to testify." *Brown v. State*, supra at 833 (2). Appellant's enumeration is without merit.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 15, 1988.

*Joseph C. Kitchings*, for appellant.
*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney*, for appellee.