## A98A0604. PULLINS v. THE STATE.
(501 SE2d 612)

ELDRIDGE, Judge.

James Pullins was indicted for the burglary of the Church of Good Will and Faith, after a police officer responded to a burglary call there, located a broken window pane, and discovered Pullins inside the church carrying a bag containing various church items. A Fulton County jury found Pullins guilty as charged. Without challenging the sufficiency of the evidence against him, Pullins appeals, raising two issues of law. Based thereon, we affirm his conviction.

1. Pullins claims error in the trial court's charge to the jury on the form of the verdict. Specifically, Pullins contends that the trial court correctly charged the jury on the lesser included offense of criminal trespass; however, in charging on the form of the verdict, the trial court charged only with regard to (1) acquittal or (2) a finding of guilt on the *indicted* offense. Pullins contends that the trial court caused "confusion" by failing to also charge the jury on the form of the verdict with regard to a finding of guilt on criminal trespass. Then, Pullins contends, the trial court "compounded the error" by sending the written jury charges out with the jury, including that portion regarding the form of the verdict about which Pullins complains. We disagree with these contentions.

(a) A review of the jury charges as a whole, which includes the special verdict form given to the jury,[1] demonstrates no error. The trial court instructed the jury correctly and completely on the law regarding lesser included offenses and the definition thereof. The trial court then instructed the jury that criminal trespass is a lesser included offense of burglary and defined criminal trespass. The trial court's written charges went out with the jury, so they had the criminal trespass option before them. In addition, the special verdict form, wherein the jury simply checked off their verdict, provided the choices "guilty," "not guilty," and "guilty of criminal trespass."

"Where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence. There is no error where it is unlikely that the instructions considered as a whole would mislead a jury of ordinary intelligence." (Citations and punctuation omitted.) *McCutchen v. State*, 177 Ga. App. 719, 721 (341 SE2d 260) (1986); *Asbury v. State*, 175 Ga. App. 335, 337 (333 SE2d 194) (1985); *Herrin v. State*, 229 Ga. App. 260, 262 (493 SE2d 634) (1997).

---

[1] *Westinghouse Elec. Corp. v. Rider*, 168 Ga. App. 136, 139 (308 SE2d 378) (1983).

Here, the verdict is "amply supported by the evidence," and we find as a matter of law that the jury charge, as a whole, could not mislead a jury of average intelligence to believe that the option to find Pullins guilty of criminal trespass was not before them. Accordingly, the trial court did not commit error as enumerated. *Herrin v. State*, supra at 262; *Anderson v. State*, 262 Ga. 26 (2) (413 SE2d 732) (1992).

(b) The trial court's charge to the jury as a whole was not erroneous. Thus, the decision to send the written jury charges out with the jury was not error. *Anderson v. State*, supra at 28.

2. Pullins next challenges the trial court's denial of his motion to obtain a second psychiatric examination in order to determine Pullins' competency to stand trial. We find no error.

Pursuant to a defense motion and resulting court order, a psychiatric examination was performed on Pullins on December 10, 1994, in order to determine Pullins' competency at the time of the offense and competency to stand trial. The report, issued on February 13, 1995, concluded that, while Pullins had mental problems and needed medication, he was competent at the time of the offense and competent "to assist his attorney in his defense."

On the day of trial 11 months later, Pullins' counsel requested that another psychiatric examination be performed, because Pullins' medication schedule had been disrupted at the jail, and thus defense counsel had "some grave concerns as to [Pullins'] competency." The trial court then placed Pullins under oath and made inquiry as to his mental condition and his understanding of the trial process. Based on the answers received, the trial court denied counsel's motion for a second psychiatric examination and permitted the case to go to trial. The trial court agreed to sua sponte suspend the proceedings for a second mental examination, if Pullins' competency became an issue during the course of the trial. Such issue did not arise.

"The grant or denial of a motion for independent psychiatric examination lies within the discretion of the trial court and will not be overturned unless an abuse of discretion is shown." (Citations and punctuation omitted.) *Sinkfield v. State*, 201 Ga. App. 284, 286 (411 SE2d 68) (1991).[2] We find no abuse of the trial court's discretion here. The trial court did not deny the initial motion for psychiatric examination but rather granted the motion and ordered that Pullins be evaluated as to his competency both then and at the time of commission of the offense. The report concluded that Pullins was competent to stand trial and competent at the time of the offense. The record contains no contradictory proof demonstrating that Pullins was

---

[2] Reversed on other grounds in *Sinkfield v. State*, 262 Ga. 239 (416 SE2d 288) (1992).

unable to intelligently participate during trial so as to call into question the existing psychiatric determination. See *Jones v. State*, 189 Ga. App. 232, 234 (2) (375 SE2d 648) (1988).

Further, a review of the record, which includes Pullins' appropriate responses to the trial court's inquiry, his coherent testimony on direct and cross-examination, and his numerous pro se filings in the instant case, does not reveal a lack of competency. See *Pless v. State*, 260 Ga. 96, 98 (3) (390 SE2d 40) (1990). Under these circumstances, we find no abuse of discretion in the denial of Pullins' motion. *Sinkfield v. State*, supra at 286.

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

DECIDED APRIL 15, 1998.

*Elizabeth L. Markowitz*, for appellant.

*Paul L. Howard, Jr., District Attorney, Cari K. Johanson, Jamie L. Mack, Assistant District Attorneys*, for appellee.