### A00A1049. GRANT v. THE STATE.
(538 SE2d 540)

MILLER, Judge.

Bruce J. Grant was tried before a jury and found guilty of aggravated assault, based on evidence that he viciously hit Michelle Grant with a baseball bat, first on the left shoulder and then on the back. The second blow caused the bat to crack. Ms. Grant sustained large bruises to her left arm, shoulder blade, and left side.

1. Grant enumerates as error the trial court's refusal to give his written request to charge on false swearing in the language of OCGA § 24-9-85 (b). We agree with the trial court that this requested instruction was not adjusted to the evidence.

"A requested charge must be legal, apt, and precisely adjusted to some principle involved in the case and be authorized by the evidence. If any portion of the request to charge fails in these requirements, denial of the request is proper."[1] In order for an instruction on false swearing under OCGA § 24-9-85 (b) to be authorized, "it must

---

[1] (Punctuation, footnotes and emphasis omitted.) *Lane v. State,* 268 Ga. 678, 680 (2) (492 SE2d 230) (1997).

appear, among other things, that the witness admitted, on the trial, that [she] had wilfully and knowingly sworn falsely or that the nature and character of [her] own testimony must be such as to render the purpose to falsify manifest."[2]

Here, the State introduced evidence of prior difficulties,[3] including an incident two months earlier, where Ms. Grant wanted to take her children to a cookout, but defendant ordered her to stay home. He pointed his finger at her face and then gave her an open hand slap. When Ms. Grant tried to sit down, defendant jerked her up by the arm until she stood up. Although Ms. Grant initially swore out a warrant for this attack, she ultimately decided not to prosecute.

At trial, Ms. Grant admitted that, when she declined to prosecute defendant for this slapping incident, she spoke with an investigator with the district attorney's office and asked that the charge be dismissed because, while "it had basically happened, . . . it didn't happen in that severity, that it wouldn't happen again, that [she] knew [defendant] was getting counseling and that it would stop and that it would get better." Her nuance then was that defendant "just put his hand in [her] face and . . . didn't slap [her]." On cross-examination, Ms. Grant testified that she "was told to say that to get [defendant] off so he could get out of jail." She further confirmed that defendant "pointed at [her], touching [her] cheek," and did not recall telling the investigator that defendant never hit her with an open hand. Indeed, she confirmed again that defendant did hit her in the face.

From this exchange, defendant contends Ms. Grant swore falsely to the magistrate that defendant slapped her. Yet whenever Ms. Grant was under oath, whether before the magistrate or at trial, she consistently testified that defendant slapped or hit her face in the prior transaction. She certainly never swore to the contrary. Her subsequent statements to the investigator, in which she minimized the severity of the incident so as to get her husband out of jail, do not establish a case of false swearing. Not only were the statements relied upon unsworn, they were in the whole generally consistent with the accusation that defendant intentionally touched her face with his finger or hand, in an insulting and provocative nature. This is sufficient to authorize an accusation for misdemeanor battery under OCGA § 16-5-23 (a) (1). While the noted inconsistencies clearly

---

[2] *Smith v. State*, 74 Ga. App. 777, 788 (2) (41 SE2d 541) (1947).

[3] The previous weekend, defendant had struck Ms. Grant on her leg with the bat, similarly causing a large bruise. And in a separate incident, six months before the night in question, defendant accused Ms. Grant of "messing around on him." He dragged her, choked her, and hit her in the face and stomach, causing carpet burns on her hip and elbow and bruise marks on her arms and around her eyes.

authorized a charge on impeachment,[4] which was given, they do not constitute an admission to false swearing nor lead to the conclusion that she wilfully and knowingly lied under oath to the magistrate.[5] Accordingly, the trial court correctly denied Grant's request to charge on false swearing under OCGA § 24-9-85 (b).[6]

2. The second enumeration contends the trial court erred in denying defendant permission to use a "tee-ball" bat, allegedly similar to State's Exhibit 1, as demonstrative evidence during closing argument. Relying on *Wade v. State*,[7] he argues that the trial court must allow the use of demonstrative evidence during closing argument, so long as the arguing party does not go outside the evidence and introduce matters not proven in evidence. We disagree.

> The trial court has broad discretion in controlling the argument of counsel and, unless it clearly appears that the court has abused this discretion and that such abuse has resulted in harm or prejudice to the [objecting] party, this Court will not undertake to control the exercise of such discretion.[8]

This includes the discretion to prohibit the use of exhibits during closing argument.[9]

Here, defendant intended to use a similar bat to demonstrate "basically what the witness described." The trial court admonished counsel not to conduct an experiment during closing argument and ultimately ruled that, unless and until the bat counsel brought with him were introduced into evidence, counsel would have to use the actual bat admitted into evidence during closing argument.

Although the Supreme Court of Georgia has approved the use of props, maps, charts, and other analogous model and illustrative material in closing argument when based on evidence admitted at

---

[4] *Perguson v. State*, 221 Ga. App. 212, 215 (2) (470 SE2d 909) (1996).

[5] Id.

[6] Id. Accord *Ney v. State*, 227 Ga. App. 496, 503 (4) (i) (489 SE2d 509) (1997). Compare *Blount v. State*, 172 Ga. App. 120, 122 (4) (322 SE2d 323) (1984) (reversible error to fail to charge false swearing under OCGA § 24-9-85 (b) in aggravated assault prosecution based on an alleged sexual assault, where defendant produced sworn affidavits of prosecutrix and her parents that no rape or other sexual contact occurred).

[7] 197 Ga. App. 464, 465 (2) (398 SE2d 728) (1990) (physical precedent only as to Division 2). The actual holding of Division 2 is: "Generally, *whether or not* to permit demonstrations [during closing argument] is within the sound discretion of the court, [cit.], provided the prosecution has not gone outside the evidence and introduced matters which have not been proven in evidence. [Cit.]" (Punctuation omitted; emphasis supplied.) Id. at 465-466 (2).

[8] (Citations omitted.) *Singleton v. State*, 231 Ga. App. 694, 696 (3) (500 SE2d 411) (1998).

[9] Id.

trial,[10] the similar-but-unadmitted bat in this case is not illustrative of anything in evidence except the likely condition of the admitted bat before defendant broke it over Ms. Grant's back. We conclude the trial court did not abuse its discretion in limiting any demonstration during argument to that made with the broken bat admitted into evidence rather than defendant's similar bat.[11]

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED AUGUST 24, 2000.

*Anna Blitz*, for appellant.
*Daniel J. Porter, District Attorney, James V. Branch, Assistant District Attorney*, for appellee.

---

[10] *Laney v. State*, 271 Ga. 194, 198 (9) (515 SE2d 610) (1999).

[11] *Singleton v. State*, supra, 231 Ga. App. at 696 (3).