A00A2572. JACKSON v. THE STATE.
(545 SE2d 148)

BLACKBURN, Chief Judge.

Following a jury trial, Edward Jackson appeals his convictions for two counts of armed robbery, contending that the evidence was insufficient to support the verdict. Jackson also contends that (1) the trial court erred by denying his request for a charge on a lesser included offense; (2) the trial court erred by charging the jury that a knife is an offensive weapon per se; (3) he was denied effective assistance of counsel because counsel pursued a robbery by intimidation defense, which was not viable; (4) he was denied effective assistance of counsel because counsel failed to secure the presence of a witness;

[6] *Rouse v. State*, 241 Ga. App. 167, 168 (526 SE2d 360) (1999).
[7] *Smith v. State*, 221 Ga. App. 428 (2) (472 SE2d 4) (1996).

(5) the trial court erred by considering a prior conviction, which resulted in a higher sentence; and (6) the trial court erred by not allowing him to present more evidence regarding an earlier plea. For the reasons that follow, we affirm.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and the defendant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The jury's verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Veal v. State*.[1] See *Jackson v. Virginia*.[2]

So viewed, the evidence shows that on September 11, 1997, Danee and Donna Attebury went to the Red Lobster restaurant in Athens. Danee Attebury testified that after they parked their car and as they approached the restaurant, "I saw a guy and he walked up to me, and I thought he was going to ask me [for] directions or something, but he pulled a knife out and he said, drop the bag lady." Danee continued, "[s]o my mom and I put our purses down and he picked them up and ran off." The assailant was "within touching distance" and holding either a switchblade or pocketknife.

Donna Attebury, Danee's mother, testified that she could see the blade of the knife, and, when asked whether she dropped her purse because the assailant had a knife in his hand, she responded, "[y]es, definitely." Both victims identified Jackson as the assailant in a photographic lineup.

Police officers later recovered the purses nearby. Donna Attebury noticed that a silver coin, which was dated 1943, the year of her birth, was missing from her purse. When Jackson was arrested four days later, he had in his possession a pocketknife and a 1943 silver coin, both of which were identified by Donna Attebury.

1. Jackson argues the evidence was insufficient to support his convictions because there was no evidence that the knife was used in a menacing or threatening manner. We disagree because an armed robber need not use an offensive weapon in a menacing or threatening manner to accomplish the robbery.

"A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive

---

[1] *Veal v. State*, 242 Ga. App. 873 (1) (531 SE2d 422) (2000).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

weapon." OCGA § 16-8-41 (a). "The element of 'use' is present when the victim is aware of the weapon and it has the desired forceful effect of assisting to accomplish the robbery." *Oliver v. State.*[3] The evidence supports the verdict because Jackson "used" the knife to accomplish the robbery, as evidenced by Donna Attebury's acknowledgment that she dropped her purse because the assailant had a knife in his hand.

2. Jackson argues that the trial court erred by denying his request for a charge on the lesser included offense of robbery by intimidation because it was his sole defense. We disagree.

Although "[t]he trial court must charge the jury on the defendant's sole defense, even without a written request, if there is some evidence to support the charge," *Tarvestad v. State,*[4] the evidence did not support the charge here.

As we held in *Espinoza v. State,*[5]

> where the uncontradicted evidence shows completion of the offense of armed robbery, and no evidence is presented to the effect that a weapon was not used in the robbery, the defendant is not entitled to a jury charge on the lesser included offenses of theft by taking or robbery by intimidation.

Id. Because, as discussed above, Jackson "used" the knife in the course of the robbery, he was not entitled to the charge on the lesser included offense.

3. Jackson contends that the trial court impermissibly charged the jury that the knife used was an offensive weapon per se. The court instructed the jury that

> [a] person commits [the offense of] armed robbery when with [the] intent to commit theft that person takes property of another from the person or the immediate presence of another by use of an offensive weapon. An offensive weapon is any object, device, or instrument which when used offensively against a person is likely to or actually does result in death or serious bodily injury.

Jackson insists that the term "when used offensively" took the determination of how the knife was used out of the hands of the jury. We disagree.

---

[3] *Oliver v. State,* 232 Ga. App. 816, 817 (1) (503 SE2d 28) (1998).
[4] *Tarvestad v. State,* 261 Ga. 605, 606 (409 SE2d 513) (1991).
[5] *Espinoza v. State,* 243 Ga. App. 665, 667 (2) (534 SE2d 127) (2000).

The instruction given by the trial court tracked the pattern jury instructions. See *Prins v. State*[6] (citing Suggested Pattern Jury Instructions, Vol. II: Crim. Cases (2nd ed. 1991), p. 116). Moreover, pursuant to the trial court's instructions, to convict Jackson of armed robbery, the jury had to find that he used the knife in order to take the property of the victims and that the knife, if used offensively, was likely to result in serious bodily injury. This is a correct statement of the law.

In *Hambrick v. State*,[7] a case cited by Jackson, the defendant challenged "the nature and role of the pocketknife as an offensive weapon." We stated that

> [t]he term "offensive weapon" includes not only weapons which are offensive per se, such as firearms loaded with live ammunition. It also embraces other instrumentalities not normally considered to be offensive weapons in and of themselves but which may be found by a jury to be likely to produce death or great bodily injury depending on the manner and means of their use.

Id. The term "manner and means of their use" does not refer to how the weapon was used during the robbery in question, but its potential for harm when used offensively. Indeed, in *Hambrick*, we noted that the knife used "though rather small and of a type suitable for carrying in the pocket, was arguably capable of inflicting the types of injuries which generally can be produced by knives, including death or great bodily injury." Id.

4. Jackson argues that he was denied effective assistance of trial counsel because the sole defense he pursued was attempting to obtain a jury verdict on the lesser included offense of robbery by intimidation. Jackson asserts that "trial counsel's strategy was unreasonable and deficient under the circumstances."

> To establish ineffectiveness, an appellant must show that (1) counsel's performance was deficient and (2) the deficiency so prejudiced his defense that a reasonable possibility exists that the trial's outcome would have been different but for that deficiency. We need not address both prongs of this test if the showing on one prong is insufficient, nor must we address them in any particular order. We review a trial

---

[6] *Prins v. State*, 246 Ga. App. 585, 588 (2) (539 SE2d 236) (2000).
[7] *Hambrick v. State*, 174 Ga. App. 444, 445 (1) (330 SE2d 383) (1985).

court's finding that a defendant has been afforded effective assistance of counsel under the clearly erroneous standard.

(Footnotes omitted.) *Scott v. State*;[8] *Strickland v. Washington*.[9]

We note initially that although Jackson argues in this enumeration that robbery by intimidation was not a sufficient defense, he also argues earlier in this appeal that the trial court erred by not charging the jury on this lesser included offense.

Jackson does not suggest any other defense that counsel could have raised. Jackson instead insists that he was offered a plea for less than the life sentence he received after the trial. Counsel testified at the hearing on the motion for a new trial that Jackson was initially offered a plea, which he did not accept because counsel had not yet investigated the case. Counsel testified that the State did not make another offer after that, but that counsel attempted to offer a plea for a 20-year sentence. The State rejected counsel's offer. On these facts, we cannot agree that trial counsel rendered ineffective assistance.

5. Jackson contends that he did not receive effective assistance of trial counsel because counsel failed to present evidence relating to a prior conviction for armed robbery, which was used to enhance his sentence.

Jackson was convicted of armed robbery in Toombs County in 1985. Jackson and his co-defendant were represented by the same attorney, Marcus Price, and both pled guilty to the charge. Jackson now states he mainly pled guilty because Price told him that his co-defendant was pleading guilty and would testify against him if he proceeded to trial. Jackson contends that counsel should have subpoenaed Price to testify at the sentencing hearing.

At the hearing on the motion for a new trial, trial counsel testified that he did not subpoena Price because Price told him that he did not remember anything about the case. Although Price did not testify at the sentencing hearing, Jackson testified at the sentencing hearing about the circumstances of the plea in Toombs County. Jackson was not prejudiced by counsel's decision not to subpoena Price. See *Scott*, supra. The trial court did not err by denying Jackson's motion for a new trial on this ground.

6. Jackson argues that the trial court erred by enhancing his sentence based on the conviction in Toombs County because he did not receive effective assistance of counsel in that case because counsel labored under a conflict of interest. Jackson further argues that because counsel was operating under a conflict of interest, Jackson

---

[8] *Scott v. State*, 242 Ga. App. 553, 554 (2) (530 SE2d 257) (2000).
[9] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

essentially entered the plea without representation.

In *Pope v. State*,[10] our Supreme Court held that a guilty plea that is invalid may not be used to enhance punishment in a subsequent trial. The *Pope* Court further held that "once the defendant raises the issue of intelligent and voluntary waiver with respect to prior guilty pleas, the burden is on the [S]tate to establish a valid waiver." Id.

In *Nash v. State*,[11] the Supreme Court overruled its decision in *Pope*, holding that "the burden in non-death penalty cases is on the recidivism defendant rather than the State to prove by a preponderance of the evidence that a previous guilty plea was not knowingly and voluntarily entered." The *Nash* Court adopted the following method for determining whether the prior guilty plea was involuntary:

> [T]he burden is on the State to prove both the existence of the prior guilty pleas and that the defendant was represented by counsel in all felony cases and those misdemeanor proceedings where imprisonment resulted. Upon such a showing, the presumption of regularity is then applied and the burden shifts to the defendant to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. Defendant can attempt to meet his burden of production with a transcript, with testimony regarding the taking of the plea, or with other affirmative evidence. A silent record or the mere naked assertion by an accused that his prior counseled plea was not made knowingly and intelligently is insufficient. If the defendant is able to present evidence that a constitutional infirmity exists, then the burden of proving the constitutionality of the plea shifts to the State.

(Citations and punctuation omitted.) *Nash*, supra at 285.

At the sentencing in this case, the State presented evidence that Jackson signed a document in the Toombs County case, acknowledging that he was advised of his rights, his plea was given freely and voluntarily, and that he was guilty of the crime. The State also presented a transcript of the plea hearing in which Jackson acknowledged that he was aware of the rights he was giving up by entering a plea of guilty. Jackson testified at the sentencing hearing that he did commit the robbery for which he was convicted in Toombs County but opined that, in hindsight, he "would have beat the case" had it gone to the jury. Jackson testified that he entered the guilty plea because

---

[10] *Pope v. State*, 256 Ga. 195, 209-210 (17) (345 SE2d 831) (1986).
[11] *Nash v. State*, 271 Ga. 281 (519 SE2d 893) (1999).

he wanted to get a deal. The trial court found that the plea was given freely and voluntarily and with the benefit of counsel.

We uphold the trial court's finding. "Single representation of multiple defendants raises no per se presumption of conflict of interest or prejudice." *Hamilton v. State*.[12] Given Jackson's admission of guilt and the evidence that he knew of the consequences of his plea, we find that the State met its burden of showing that Jackson was represented by counsel at his plea hearing and that Jackson has not rebutted the presumption of regularity. See *Nash*, supra.

7. Jackson argues that the trial court erred by not allowing him to present additional evidence regarding his plea in Toombs County. The only specific evidence mentioned by Jackson was that he was not permitted to present Price's testimony. Jackson concedes, however, that Price may not have been able to recall any specific facts about the plea. Having therefore shown no prejudice resulting from the trial court's decision, we find no reversible error. See *Ortiz v. State*.[13]

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED FEBRUARY 8, 2001.

*David T. Wooten*, for appellant.

*Harry N. Gordon, District Attorney, John A. Pursley, Assistant District Attorney*, for appellee.

---

[12] *Hamilton v. State*, 255 Ga. 468, 470 (2) (339 SE2d 707) (1986).
[13] *Ortiz v. State*, 222 Ga. App. 432, 434 (4) (474 SE2d 300) (1996).