## A03A1136. STEVENS v. THE STATE.
### (581 SE2d 685)

BLACKBURN, Presiding Judge.
Following his conviction by a jury for aggravated stalking of his former girlfriend, Vicki Herndon, Tommy Stevens appeals, arguing that (1) the evidence was insufficient to support the verdict, and (2) the trial court erred in failing to grant a continuance for Stevens to subpoena unnamed expert witnesses. For the reasons that follow, we affirm.

1. In his first enumeration of error, Stevens argues that the evidence was insufficient to support his conviction for aggravated stalking. The standard for determining sufficiency of the evidence is whether, under the rule of *Jackson v. Virginia,*[1] the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt

---

that the defendant was guilty of the charged offense. An appellate court determines evidence sufficiency, but does not weigh the evidence or determine witness credibility. On appeal, the evidence must be viewed in the light most favorable to support the verdict, and the defendant no longer enjoys a presumption of innocence. *Holland v. State.*[2] As long as there is some evidence to support each necessary element of the State's case, even though contradicted, the verdict will be upheld. *Moore v. State.*[3]

A person commits aggravated stalking when he violates a judicial order, including a condition of pretrial release, "prohibiting the behavior described in this subsection, [and] follows, places under surveillance, or contacts another person at or about a place or places [other than his own residence] without the consent of the other person for the purpose of harassing and intimidating the other person." OCGA § 16-5-91 (a). The phrase "[h]arassing and intimidating" is defined as "a knowing and willful course of conduct directed at a specific person which causes emotional distress by placing such person in reasonable fear for such person's safety." OCGA § 16-5-90 (a) (1).

Viewed in the light most favorable to the verdict, the record shows that Stevens lived with Herndon for approximately three years in the apartment Herndon leased, but moved out at her request. Shortly thereafter, on May 14, 2000, Stevens was arrested for battering Herndon for the second time in a year. Stevens had a history of mental problems and violent behavior. As a condition of his bond on the battery charge, Stevens was ordered to "stay at least 200 yards away from Vicki Herndon," to "not be, or remain, within 200 yards of [her] residence," and to "have no contact by telephone" with Herndon. Based on Herndon's testimony, which the jury accepted, Stevens violated the court order by continuously telephoning Herndon and by appearing uninvited at Herndon's apartment, demanding entrance and placing Herndon in fear of her life.

There was sufficient evidence to permit a rational jury to find that Stevens stalked Herndon in violation of the court order. This enumeration is without merit.

2. Stevens also contends that the trial court erred by failing to grant his request for a continuance. "Whether to grant a motion for continuance is entirely within the sound discretion of the trial court and will not be disturbed absent a clear abuse of discretion." *Greene v. State.*[4] Stevens cannot complain of the trial court's failure to grant

---

[2] *Holland v. State*, 240 Ga. App. 169 (523 SE2d 33) (1999).
[3] *Moore v. State*, 254 Ga. App. 134 (561 SE2d 454) (2002).
[4] *Greene v. State*, 274 Ga. 220, 221 (3) (552 SE2d 834) (2001).

a continuance because of the absence of a witness, as he failed to subpoena the witness. *Letson v. State;*[5] OCGA § 17-8-25.

This enumeration is without merit.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED APRIL 29, 2003.

*Barbara B. Briley,* for appellant.

*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney,* for appellee.

---

[5] *Letson v. State,* 236 Ga. App. 340, 341 (512 SE2d 55) (1999).