### A04A2201. GARRETT v. THE STATE.
(610 SE2d 595)

SMITH, Presiding Judge.

Ronald Dwayne Garrett was charged with two counts of armed robbery. He was acquitted of one count and convicted of the other. Following the denial of his motion for new trial, he appeals, raising contentions regarding the sufficiency of the evidence, the jury charge, and defense counsel's closing argument. We find no reversible error, and we affirm.

1. Garrett challenges the sufficiency of the evidence. On appeal from a criminal conviction, we construe the evidence to support the jury's verdict. *Bates v. State*, 259 Ga. App. 232, 233 (1) (576 SE2d 619) (2003). We neither assess witness credibility nor weigh the evidence. Rather, we simply determine whether evidence was presented from which a rational trier of fact could have found a defendant guilty of the offense charged beyond a reasonable doubt. Id.

So construing the evidence, the victim testified that she was a cashier at an Amoco gas station and convenience store in Columbia County on September 4, 1998. At approximately 10:20 a.m., Garrett entered the store and after a short time placed six bottled drinks and at least two packs of cigars on the counter. He also asked the victim for two boxes of cigarettes, which the victim placed on the counter with the other merchandise. After the victim determined Garrett's amount due and placed the items in a bag, Garrett told the victim that

---

he had forgotten his wallet. The victim informed him that the merchandise would "be here when you get back."

Garrett walked outside and then reentered the building and returned to the counter. The victim repeated Garrett's total, and Garrett told her, "I hate to do this to you, and that's when he took his right hand going towards his left side, and . . . he just had a vest on. And as he moved, the vest kind of moved and I seen the handle, and I just ran." The victim testified that the handle was that of a silver and black gun and that she ran toward the back of the store, where the store manager was working. She told the manager that a man had tried to rob her with a gun, that she was "going in the cooler," and that the manager had "better come with her." The victim testified that Garrett's words and actions were "enough for me to make me think that he was robbing me." Acknowledging that Garrett did not actually remove his gun, the victim testified that she "didn't give him time to pull the gun out." She did not "think he was playing a game." She identified Garrett as her assailant both during a photographic lineup before trial and at trial.

The manager testified that he ran toward the front of the store and saw a man wearing a vest getting into the passenger side of a dark colored car. He wrote down the license plate of the car and provided it to the sheriff's office. The victim testified that after the manager ran toward the front door of the store, she looked outside and saw that Garrett had left the building and had "jumped in" the passenger side of a dark car, which promptly left the premises. He took the merchandise without paying for it.

Under OCGA § 16-8-41 (a), "[a] person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." As stated in *Jackson v. State*, 248 Ga. App. 7 (545 SE2d 148) (2001), "[t]he element of 'use' is present when the victim is aware of the weapon and it has the desired forceful effect of assisting to accomplish the robbery." (Citation, punctuation and footnote omitted.) Id. at 9 (1). And "the test is whether the defendant's acts created a reasonable apprehension on the part of the victim that an offensive weapon was being used, regardless of whether the victim actually saw the weapon." (Citations, punctuation and footnote omitted.) *Faulkner v. State*, 260 Ga. App. 794, 795 (581 SE2d 365) (2003).

Ample evidence was presented that Garrett made the victim aware of his weapon, that the victim was reasonably apprehensive that a gun was being used to effect a robbery, and that this awareness and apprehension had "the desired forceful effect of assisting to

accomplish the robbery." (Citation, punctuation and footnote omitted.) *Jackson,* supra, 248 Ga. App. at 9 (1). A rational trier of fact was authorized to convict Garrett of armed robbery under the standard of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and the trial court did not err in denying Garrett's motion for new trial.

2. Garrett argues that the trial court's jury instructions concerning armed robbery and the lesser included offense of robbery by intimidation were incomplete and confusing. Garrett correctly points out that the trial court did not include in its charge a statement that in an armed robbery prosecution, "the question is whether the defendant's acts created a reasonable apprehension on the part of the victim that an offensive weapon was being used, regardless of whether the victim actually saw the weapon." (Citations and punctuation omitted.) *Prins v. State,* 246 Ga. App. 585, 586 (539 SE2d 236) (2000). He argues that the trial court instead "couched the 'reasonable apprehension' instruction in terms of defining robbery by intimidation" and that, read as a whole, the charge "could have easily led the jury to conclude" that the State was not required to prove use of an offensive weapon or an object having the appearance of an offensive weapon. Like the appellant in *Prins,* he goes on to contend that the instruction blurred "the distinction between reasonable apprehension for armed robbery and apprehension of danger for robbery by intimidation." (Punctuation omitted.) Id. at 588. Again repeating the arguments made in *Prins,* he maintains that "[i]n practical effect, the jury's attention was directed away from the presence of a gun as required by the statute to the presence of the victim's reasonable apprehension." See id.

The court first defined the offense of robbery by tracking the language of OCGA § 16-8-40. The court went on to define the offense of armed robbery, stating in part:

> A person commits armed robbery when with intent to commit theft, that person takes property from another from the person or the immediate presence of another by use of an offensive weapon or by any replica, article, or device having the appearance of such a weapon.

> An offensive weapon is any object, device, or instrument which when used offensively against a person is likely to, or gives the appearance of being likely to, or actually does result in death or serious bodily injury. The character of a weapon may be established by direct or circumstantial evidence.

This portion of the charge did not include the last sentence of OCGA § 16-8-41 (a), which states that "[t]he offense of robbery by intimidation shall be a lesser included offense in the offense of armed robbery." But after giving this instruction, the trial court immediately instructed the jury on the law related to robbery by intimidation as a lesser included offense. Reciting almost verbatim the pattern jury charge on robbery by intimidation as a lesser included offense, see Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, 3d ed., p. 111, the court stated:

> If you find in the present case before you, all the elements of armed robbery, but you do not find that an offensive weapon or thing having the appearance of such a weapon was used, but that the taking was accomplished by the accused putting the alleged victim or another under such fear as would create in the mind of the victim or another an apprehension of danger to life or limb, and if you so find beyond a reasonable doubt, then you would be authorized to find the defendant guilty of robbery by intimidation.

The court then defined the offense of theft by taking and explicitly informed the jury that if it had a reasonable doubt as to Garrett's guilt as to the armed robbery offenses, it would be authorized to determine whether he was guilty of the lesser included offenses of robbery by intimidation or theft by taking. And of course, the court instructed the jury that if it did not find Garrett to be guilty of any offense, or if it had a reasonable doubt concerning his guilt, then it should find him not guilty.

During deliberations, the jury made several inquiries, some of which appear to have been related to the offenses of armed robbery and robbery by intimidation. In large part, Garrett bases his argument that the charge was confusing on the fact that the jury made these inquiries. The actual communications are not a part of the appellate record, however, and it is impossible for us to determine the exact nature of the questions asked by the jury. It is well established "that the burden is on the appellant to show error by the record, and when a portion of the evidence bearing upon the issue raised by the enumeration of error is not brought up so that this court can make its determination from a consideration of it all, an affirmance as to that issue must result." (Citations and punctuation omitted.) *Wells v. State*, 201 Ga. App. 398, 399 (411 SE2d 125) (1991). Garrett failed to meet his burden of ensuring that the jury's questions were made part of the record, and consequently, we do not have before us all of the evidence on which Garrett bases his claims. We must therefore "assume the judgment below was correct and affirm. [Cit.]" Id.

But even if Garrett had properly preserved his claim of error, reversal is not required. Even without the actual jury questions before us, it does appear from the transcript of the conversations between the trial court and counsel that the jury had some concerns about the definitions of armed robbery and robbery by intimidation. Garrett correctly points out that the prosecutor expressed some confusion about the order in which the trial court presented the jury charges. Nevertheless, we cannot conclude that the jury's concerns, or any confusion that may or may not have arisen out of the court's initial charge, went unanswered or unexplained. Nor can we agree with Garrett that the trial court improperly informed the jury that the State was not required to prove use of an offensive weapon.

> Where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence. There is no error where it is unlikely that the instructions considered as a whole would mislead a jury of ordinary intelligence.

(Citations and punctuation omitted.) *Pullins v. State*, 232 Ga. App. 267 (1) (a) (501 SE2d 612) (1998).

The jury was given the statutory definition of armed robbery, as well as the pattern charge on robbery by intimidation as a lesser included offense. The trial court complied with the jury's request to be recharged on the offense of armed robbery, and the court made it clear to the jury that if the evidence so authorized, the jury could find Garrett guilty of the lesser included offenses of robbery by intimidation or theft by taking. It also appears that the trial court gave the jury copies of the pattern charges "regarding the armed robbery offenses" and agreed to inform the jury that armed robbery and robbery by intimidation were two separate offenses.

As discussed above, the verdict was amply authorized by the evidence presented. We have examined the complete jury charge, as well as the colloquies that occurred between the trial court and counsel after the jury submitted its questions, and under the circumstances of this case, we conclude that the charge presented the issues in a manner unlikely to confuse or mislead a jury "of ordinary intelligence." *Pullins*, supra, 232 Ga. App. at 267 (1). As we stated in *Prins*, supra, 246 Ga. App. at 588, "[w]hen considering the charge as a whole, as we must, we conclude that the trial court fully and accurately charged the jury with respect to the crimes . . . charged."

(Citation, punctuation and footnote omitted.) The trial court's charges on armed robbery and robbery by intimidation provide no basis for reversal.

3. Garrett argues that the trial court's jury instructions erroneously "required the jury to reach a unanimous agreement with respect to the greater offense of armed robbery before reaching the lesser offense of robbery by intimidation." The court instructed the jury as follows: "Should you find the defendant not guilty of armed robbery in counts one or two, or should you have a reasonable doubt as to his guilt of these offenses, you would be authorized to determine whether or not he is guilty of the lesser included offense of robbery by intimidation or theft by taking."

It is well established that trial courts must not require "juries to unanimously agree on a greater offense before considering a lesser included offense. [Cit.]" *Horton v. State*, 264 Ga. App. 907, 909 (592 SE2d 534) (2003). See *Cantrell v. State*, 266 Ga. 700 (469 SE2d 660) (1996); *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992). But here, the court's instruction did not *require* the jury to "reach a unanimous verdict on the greater offense before it could address the lesser offense." *Horton*, supra, 264 Ga. App. at 909. Consequently, reversal is not required. Id. See also *Camphor v. State*, 272 Ga. 408, 414-415 (6) (d) (529 SE2d 121) (2000).

4. Garrett contends that the trial court erred in prohibiting defense counsel from commenting during closing argument on the State's failure to call his co-defendant as a witness, "a witness that the State had summoned by means of a court production order."

The Georgia Supreme Court has "held that defense and prosecuting counsel are equally able to comment on the failure of the other to present certain witnesses as long as that argument is derived from evidence properly before the factfinder, that is, if there is competent evidence before the jury that a missing witness has knowledge of material and relevant facts." (Citations and punctuation omitted.) *Spear v. State*, 270 Ga. 628, 630 (3) (513 SE2d 489) (1999). See also *Morgan v. State*, 267 Ga. 203 (476 SE2d 747) (1996). Obviously, as a co-defendant, the missing witness may well have had "knowledge of material and relevant facts. [Cits.]" Id. at 206. But as argued by the State, "there is nothing in the record that indicates that this [witness] would have waived his Fifth Amendment privilege against self-incrimination and would have testified had he been called to the stand." Furthermore, "in this instance the witness was as available to appellant as to the State, and the defense could have called him to testify." (Citation and punctuation omitted.) *Thompson v. State*, 187 Ga. App. 552, 553 (3) (370 SE2d 814) (1988).

The trial court has broad discretion in controlling the argument of counsel and, unless it clearly appears that the court has abused this discretion and that such abuse has resulted in harm or prejudice to the objecting party, this Court will not undertake to control the exercise of such discretion.

(Citation, punctuation and footnote omitted.) *Grant v. State*, 245 Ga. App. 652, 654 (2) (538 SE2d 540) (2000). We find no abuse of discretion in the trial court's refusal to allow defense counsel to argue about the State's failure to call Garrett's co-defendant as a witness.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 15, 2005.

*Peter D. Johnson*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.