### A05A2172. PHILLIPS v. THE STATE.
(628 SE2d 631)

BERNES, Judge.

An Irwin County jury convicted Larry Phillips of one count of simple battery, one count of aggravated assault, and one count of aggravated stalking. Phillips appeals, alleging that (1) the evidence was insufficient to support the jury's verdict, (2) his trial counsel was ineffective for failing to file a motion to dismiss the indictment and for failing to properly prepare him to testify at trial, and (3) the trial court's jury instructions were erroneous. Finding no error, we affirm.

1. Phillips challenges the sufficiency of the evidence as to his aggravated stalking conviction. He contends the state failed to prove that he violated the temporary restraining order for the purpose of harassing *and* intimidating Tammy Phillips Sewell. We find that the evidence authorized the jury's guilty verdict.

> The standard for determining sufficiency of the evidence is whether, under the rule of *Jackson v. Virginia*[, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)], the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. An appellate court determines evidence sufficiency, but does not weigh the evidence or determine witness credibility. On appeal, the evidence must be viewed in the light most favorable to support the verdict, and the defendant no longer enjoys a presumption of innocence. As long as there is some evidence to support each necessary element of the State's case, even though contradicted, the verdict will be upheld.

(Citations and footnotes omitted.) *Stevens v. State*, 261 Ga. App. 73, 73-74 (1) (581 SE2d 685) (2003).

Aggravated stalking is committed when a person "in violation of a . . . temporary restraining order, temporary protective order, permanent restraining order, [or] permanent protective order . . .

contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person." OCGA § 16-5-91 (a). The phrase "harassing and intimidating" is defined as

> a knowing and willful course of conduct directed at a specific person which causes emotional distress by placing such person in reasonable fear for such person's safety or the safety of a member of his or her immediate family, by establishing a pattern of harassing and intimidating behavior, and which serves no legitimate purpose.

OCGA § 16-5-90 (a) (1).[1] "Overt threats of bodily harm are not required." *Jones v. State*, 239 Ga. App. 733, 734 (2) (521 SE2d 883) (1999).

Phillips' conviction of aggravated stalking was based on Count 8 of the indictment, which charged Phillips

> with the offense of **AGGRAVATED STALKING** for that the said accused . . . between March 2, 2001 and July 17, 2001 . . . in violation of a Court order·issued by the Superior Court of Irwin County, Georgia, on the 2nd day of March, 2001, restraining [Phillips] from . . . contacting Tammy Phillips [Sewell], [did] unlawfully and without her consent contact Tammy Phillips [Sewell] by telephone for the purpose of harassing her, contrary to the laws of said State, the good order, peace and dignity thereof.

Viewed in the light most favorable to the verdict, the evidence shows that in 2001, Phillips became increasingly violent toward his wife, the victim, Tammy Phillips Sewell ("Sewell"). On December 21, 2000, at approximately 8:00 p.m., Sewell returned to the home she shared with Phillips. Phillips began questioning Sewell about where she had been. Sewell had been at the sheriff's department filing a report against Phillips. Fearful of what Phillips might do if he found out the truth, Sewell lied and told Phillips she had gone to the gym. Phillips did not believe her and an argument ensued. In the presence

---

[1] Black's Law Dictionary 733 (8th ed. 2004) defines harassment as "[w]ords, conduct, or action (usu. repeated or persistent) that, being directed at a specific person, annoys, alarms, or causes substantial emotional distress in that person and serves no legitimate purpose." The term "intimidation" has been defined as "putting in fear." Black's Law Dictionary 821 (6th ed. 1990). For purposes of defining "harassing and intimidating," OCGA § 16-5-90 (a) (1) incorporates the definitions of both terms.

of their child, Phillips pulled out a gun, cocked it, and put it to Sewell's head, threatening, "I'll solve our problems."

Over the next few days, Sewell tried to leave, but Phillips prevented her by snatching their child from Sewell and by taking her keys and purse. When she tried to call the sheriff's department, he pulled the phone out of the wall. Finally, on December 27, 2000, after another argument in which Phillips choked Sewell with his hands and again threatened to kill her, she managed to escape with their child. Sewell obtained the assistance of a deputy sheriff when she returned home to retrieve her clothes. Sewell subsequently filed for a divorce and on March 2, 2001, procured a restraining order against Phillips.

Phillips admitted at trial that, contrary to the terms of the restraining order, he made thirty to forty telephone calls to Sewell at her business over a three-month period, sometimes making fourteen calls a day. Many of the calls were recorded on an answering machine. Sewell testified at trial that "[Phillips] would say he loved me and then get angry the very next instant." When Phillips continued to contact her in spite of the restraining order, Sewell called her attorney and complained to the district attorney's office. She took out a warrant for aggravated stalking against Phillips on April 12, 2001.

Phillips contends that, despite his violation of the restraining order, he was not guilty of aggravated stalking because his intent was to rekindle his failed marriage, not to harass and intimidate Sewell. Nonetheless, the intention with which an act is done is peculiarly for the jury. See *Benton v. State*, 256 Ga. App. 620, 622 (1) (568 SE2d 770) (2002). "Intent is a question of fact to be determined upon consideration of words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." (Citations omitted.) *Johnson v. State*, 239 Ga. App. 886, 887-888 (522 SE2d 478) (1999).

Although Phillips did not overtly threaten Sewell in his numerous calls to her, we have reviewed the tapes of the recorded messages and find that, taken in the context of the prior incidents of physical violence and threats made by Phillips, a rational jury could have found beyond a reasonable doubt that Phillips' acts were intended to harass and intimidate Sewell and that as a result of the calls, Sewell was reasonably placed in fear for her safety.[2] See *Maskivish v. State*, 276 Ga. App. 701, 702-703 (1) (b) (624 SE2d 160) (2005); *Wright v.*

---

[2] In the telephone calls, Phillips stated, inter alia, the following: "We're all going to have to pay for this when we die and go to Heaven"; "This divorce and garbage is putting so much pressure on me 'til I feel like going and doing it right this time"; "It's not too late, but it's going to be if you let this thing go 'til the end of March — You let it go to court. It's going to be too late for us"; "I'm not trying to take [the child] away from you, I just want the lies to stop."

*State*, 232 Ga. App. 646, 647 (1) (502 SE2d 756) (1998) ("people of ordinary intelligence would understand the [defendant's] act to communicate [his] contempt for the court's [order] and, thus, [his] implicit intent to continue, or even to carry out, his previous threats to the [victim]") (citations omitted); *Hall v. State*, 226 Ga. App. 380, 382-383 (b) (487 SE2d 41) (1997) (jury was authorized to believe that the defendant's actions were harassing and intimidating in support of aggravated stalking charge despite his claims that he was merely trying to rekindle the relationship). The evidence was sufficient to sustain Phillips' conviction. *Jackson*, 443 U. S. 307.

2. Phillips contends his trial counsel was ineffective for failing to move to dismiss the aggravated stalking count of the indictment (Count 8), for failing to properly counsel him as to whether he should testify, and for failing to properly prepare him to testify.

Phillips bears the burden of establishing that he received ineffective assistance of trial counsel, and a trial court's finding that counsel was not ineffective will be upheld unless it is clearly erroneous. *Buice v. State*, 239 Ga. App. 52, 59-61 (6) (520 SE2d 258) (1999). To meet his burden of proof, Phillips must establish that his trial counsel's performance was deficient and that the deficiency so prejudiced his defense that, but for such deficiency, a reasonable probability exists that the outcome of trial would have been different. See *Mency v. State*, 228 Ga. App. 640, 642 (2) (492 SE2d 692) (1997).

> To succeed in his claim, [Phillips] must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct. We will not reverse on the basis of ineffective assistance of counsel unless trial counsel's conduct so undermined the proper functioning of the adversarial process that the trial could not reliably have produced a just result.

*Gosnell v. State*, 247 Ga. App. 508, 511 (3) (544 SE2d 477) (2001).

(a) *Failure to File a Motion to Dismiss*. Phillips contends that the allegations of the aggravated stalking count for which he was convicted were legally insufficient and that his trial counsel was therefore ineffective for failing to file a motion to dismiss.

The test for determining the sufficiency of an indictment or accusation

> is not whether [the indictment] could have been made more definite and certain or, for that matter, perfect, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and in case any other proceedings are

> taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. Thus, if the accused can admit all the indictment or accusation or citation charges and still be innocent of having committed any offense, the indictment or accusation or citation is defective.

(Citation, punctuation and emphasis omitted.) *Spence v. State*, 263 Ga. App. 25, 27 (2) (587 SE2d 183) (2003).

Although Count 8 of the indictment alleged the offense of aggravated stalking in the general terms of the statute, it omitted the word "intimidating," in alleging the purpose with which Phillips committed his unlawful acts. See OCGA § 16-5-91 (a). Phillips opines that the indictment therefore failed to allege all of the elements of the crime. We disagree and find that the indictment generally employed language from which the criminal intent must necessarily be inferred.

"The law of this state does not require expression of a charge contained in an indictment, in the verbatim language of the statute." (Citations omitted.) *Chenault v. State*, 234 Ga. 216, 223 (6) (215 SE2d 223) (1975). This Court has held that

> an indictment *substantially* in the language of the Code is sufficient in form and substance. Where the indictment alleges an "offense," and names and describes the offense in terms of the penal statute, and alleges that the act was "unlawfully" committed, and that it was "contrary to the laws" of the State, and employs language from which it must necessarily be inferred that the criminal intent existed, it is not void because it fails to *expressly* allege the criminal intent.

(Citations and punctuation omitted; emphasis in original.) *Hammock v. State*, 201 Ga. App. 614, 615-616 (1) (b) (411 SE2d 743) (1991) (indictment was not void for its failure to allege that the child molestation was done with the intent to arouse or satisfy the sexual desires of either the child or the appellant). See also *Harris v. State*, 258 Ga. App. 669, 670-672 (1) (574 SE2d 871) (2002) (indictment was not defective for omission of the word "knowingly" from drug trafficking charge); *Frost v. State*, 200 Ga. App. 267, 267-269 (2) (407 SE2d 765) (1991) (indictment was not deficient for use of the word "unlawfully" instead of "knowingly" in arson charge).

In bold, capitalized letters, the indictment alleges the offense of aggravated stalking. "Although the Code section was not cited, there is only one offense in the state penal code entitled '[aggravated stalking].'" *Hammock*, 201 Ga. App. at 616 (1) (b). In addition to

alleging that Phillips contacted Sewell for the purpose of harassing her, the indictment further alleged that Phillips' acts of contacting her were "unlawfully" committed and "contrary to the laws of [the] State." To be unlawful and contrary to Georgia law in the context of the specified aggravated stalking offense, it must necessarily be inferred that the act was done for the purpose of harassing and intimidating as expressed in OCGA § 16-5-91 (a). Accordingly, the "intimidating" element of intent is implicit in the indictment. And, as we stated in Division 1 herein, for purposes of the Code's Article 7 governing stalking offenses, OCGA § 16-5-90 (a) (1) provides a single definition for the phrase "harassing and intimidating," which incorporates the meaning of both terms.

Phillips could not admit that his acts were "unlawful[ ]" and "contrary to the laws of [the] State" proscribing the offense of aggravated stalking and still be innocent. Therefore, taking all of the facts as alleged in the indictment, Phillips' guilt follows as a legal conclusion, and thus, the indictment is not defective. *Harris*, 258 Ga. App. at 671-672 (1). Likewise, there is no doubt that Phillips was sufficiently informed of the charge against him and was also protected from subsequent prosecution for the same crime. See *Campbell v. State*, 223 Ga. App. 484, 485-486 (3) (477 SE2d 905) (1996). As such, trial counsel was not ineffective for failing to file a motion to dismiss.

(b) *Preparation to Testify*. Phillips argues that trial counsel failed to properly prepare him to take the stand and testify in his own behalf. At the motion for new trial hearing, trial counsel testified that he had counseled with Phillips regarding his decision to testify, and that Phillips decided to testify because he wanted to tell his side of the story. Trial counsel stated that "[Phillips] knew what he was faced with," and they had discussed his proposed trial testimony, the questions that Phillips could expect to be asked, and the information that was important to the case. Thus, the record refutes Phillips' contention. While there may have been a conflict in the testimony of Phillips and his trial counsel on this issue, the resolution of that conflict was a matter for the trial court. *Buice*, 239 Ga. App. at 61 (6) (b). The trial court's finding was not clearly erroneous. See *Griffith v. State*, 234 Ga. App. 326, 329 (2) (506 SE2d 676) (1998).

Phillips nevertheless argues that if he had been properly prepared for his testimony at trial, he would not have admitted to "pointing a gun at the head of [his] wife." Phillips' argument overlooks the fact that there was overwhelming evidence of the aggravated assault, including testimony from Sewell and her daughter, testimony from the Irwin County sheriff that Phillips admitted the incident in a pretrial confession, and testimony from a court clerk that Phillips admitted this allegation in open court at a January 2001

hearing on a motion for a temporary protective order.[3] Phillips' conviction on this count was extremely likely and his admission of this allegation of the indictment while denying others, resulted in his acquittal on five of the eight charges against him. "[T]he strongest evidence of trial counsel's effectiveness was the jury's acquittal on a charge." (Citations and punctuation omitted.) *Ney v. State*, 227 Ga. App. 496, 504 (489 SE2d 509) (1997). See also *Mallon v. State*, 266 Ga. App. 394, 396-397 (2) (597 SE2d 497) (2004). The trial court did not err in denying Phillips' motion for new trial on ineffective assistance of counsel grounds.

3. Finally, Phillips contends that the trial court erred in its jury charge on aggravated stalking by omitting the word "intimidating" from the definition of the offense and by improperly charging the statute of limitation applicable to the offense.

> Where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence. There is no error where it is unlikely that the instructions considered as a whole would mislead a jury of ordinary intelligence.

(Citation and punctuation omitted.) *Garrett v. State*, 271 Ga. App. 646, 650 (2) (610 SE2d 595) (2005).

(a) *Omission of Word "Intimidating."* When charging the jury on aggravated stalking, the trial court read Count 8 of the indictment verbatim, thus omitting the word "intimidating." The trial court also omitted the word "intimidating" from its definition of aggravated stalking, but defined the term "harassing" in accordance with the statutory definition for "harassing and intimidating" under OCGA § 16-5-90 (a) (1). The trial court charged in pertinent part as follows:

> The accused in this case is charged in [Count 8] of this indictment with the offense of aggravated stalking. A person commits the offense of aggravated stalking when that person contacts another person at a place without the other person's consent and for the purpose of harassing the other person in violation of a restraining order then in effect which prohibits such conduct or behavior.

---

[3] Sewell sought the protective order, but dismissed it after Phillips agreed to leave her alone.

Now, in this context, the term harassing means a knowing and willful course of conduct directed at a specific person which causes emotional distress by placing such person in reasonable fear for that person's safety or the safety of a member of that person's immediate family by establishing a pattern of harassing behavior and which serves no legitimate purpose. It is not necessary to show that an overt threat of death or bodily injury has been made to constitute the crime of aggravated stalking.

By giving the entire definition of "harassing and intimidating" as specified in OCGA § 16-5-90 (a) (1), the trial court's charge, in effect, encompassed both terms. Under these circumstances, omission of the specific word "intimidating" was not erroneous since the jury was provided the definition of that word and thus, was informed of the element of "intimidating" by way of definition. In light of the charge as given by the trial court, the jury was required to find Phillips guilty of the same conduct as if the term "intimidating" had been explicitly used in the charge. Hence, the omission was inconsequential. The trial court's charge, viewed as a whole, was not likely to mislead or confuse the jury. See *Garrett*, 271 Ga. App. at 650-651 (2).

(b) *Charging the Statute of Limitation.* Finally, Phillips argues that the trial court's jury instruction as to the statute of limitation for aggravated stalking could have misled the jury to convict for acts committed before the entry of the protective order. The trial court's jury charge in this regard was as follows:

After considering the testimony and evidence presented to you together with the instructions contained in this charge of the Court, if you should find and believe beyond a reasonable doubt that the defendant did in Irwin County, Georgia *on the date alleged in the indictment or within four years of the date on which the indictment was returned into court* commit the offense of aggravated stalking *as I have previously defined for you and as set forth in Count 8 of the indictment,* you would be authorized to find the defendant guilty of Count 8. . . .

(Emphasis supplied.)

We agree that the charge, read alone, was not as clear and precise as could be desired. However, within the context of the charge, the trial court referred the jury to its previous definition of aggravated stalking which had included as an element the "violation of a restraining order then in effect." The trial court also charged Count 8 of the indictment, which specifically alleged that the commission of the

offense by telephone contact occurred between March 2, 2001 and July 17, 2001, in violation of the restraining order issued on March 2, 2001. We conclude that the trial court's charge as to aggravated stalking, read in its entirety and as a whole, was not likely to mislead a juror of ordinary intelligence.

Moreover, even if we assume the charge was erroneous, the giving of the charge was not prejudicial. Phillips admitted, and the evidence at trial otherwise showed, that Phillips made the telephone calls after the restraining order was in effect. "[A]n erroneous charge touching a theory not in issue under the evidence, unless prejudicial and harmful as revealed by the entire record, does not require or demand a reversal." (Citations omitted.) *Brown v. State*, 211 Ga. App. 267, 267-268 (438 SE2d 713) (1993). The trial court's jury charges on aggravated stalking provide no basis for reversal. See *Garrett*, 271 Ga. App. at 650-651 (2).

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED MARCH 13, 2006 — 

*L. Clark Landrum*, for appellant.

*C. Paul Bowden, District Attorney, Bradford L. Rigby, Assistant District Attorney*, for appellee.