A11A1002. TOOKES v. THE STATE.
A11A1008. SMALLS v. THE STATE.
(713 SE2d 882)

BARNES, Presiding Judge.

Following a jury trial, Shaheem Smalls and Charles Tookes were each convicted of armed robbery. In these companion appeals, both men argue that the evidence presented at trial was insufficient to sustain their convictions.[1] Upon our review, we affirm.

When reviewing a claim of insufficient evidence, this court determines only whether there was sufficient evidence upon which a rational trier of fact could find the defendants guilty beyond a reasonable doubt of the charged offenses. *Jackson v. Virginia*, 443 U. S. 307 (1) (99 SC 2781, 61 LE2d 560) (1979). The defendants no longer possess a presumption of innocence, and this court views the evidence in the light most favorable to the jury's verdict. Id. See also *Kirk v. State*, 271 Ga. App. 640, 641 (1) (610 SE2d 604) (2005).

---

[1] The State's motion to dismiss Smalls's appeal is hereby denied.

So viewed, the record reveals that on June 18, 2008, the victim felt someone touch her on her back as she began getting into her car at a store parking lot in McDonough, Georgia. Assuming that she knew who was behind her, the victim turned around only to find two unknown teenage males, one with dreadlocks. After telling the individuals to get away from her, they began "crowding" her.

When the victim saw what she believed was a gun, she began to defend herself by swinging her bag at the individuals. They pushed her to the ground, and "crowded over" her. One of them pointed a gun directly into the victim's chest. The individuals took the victim's bag and ran.

One witness called the police and identified the individual with dreadlocks as Shaheem Smalls. Another witness chased after the two men in his truck. This witness was able to get close enough to throw rocks at them, hitting one of them in the back. A few seconds later, the individual carrying the bag threw it away, and the witness retrieved it and gave it to the police. The two witnesses later testified at trial regarding what they had seen.

After receiving a positive identification and other witness descriptions of the assailants, the police arrested Smalls. The police later arrested Tookes as a suspect in the crime.[2]

The sole contention of Smalls and Tookes is that the gun was not used to facilitate the robbery. A person commits the offense of armed robbery when, with the intent to commit the theft, he takes the property of another from the person or immediate presence of another by use of an offensive weapon. OCGA § 16-8-41 (a). "The force or intimidation essential to robbery must either precede or be contemporaneous with, and not subsequent to, the taking." (Emphasis omitted.) *Thomas v. State*, 290 Ga. App. 10, 11 (1) (658 SE2d 796) (2008).

> An armed robber need not use an offensive weapon in a menacing or threatening manner to accomplish the robbery. . . . The element of "use" is present when the victim is aware of the weapon and it has the desired forceful effect of assisting to accomplish the robbery.

(Citation, punctuation and footnote omitted.) *Jackson v. State*, 248 Ga. App. 7, 8-9 (1) (545 SE2d 148) (2001).

Viewing the facts in the light most favorable to the jury's verdict, the record shows that one of the perpetrators brandished a gun and pointed it directly into the victim's chest during the robbery. One of

---

[2] Although not presented to the jury, the basis for the police to arrest Tookes was because Smalls implicated him in a written confession of the robbery.

the perpetrators took the victim's bag seconds after knocking her to the ground. The evidence further established that the perpetrator who was unarmed aided and abetted in the robbery by approaching and "crowding" over the victim. See OCGA § 16-2-20 (b). Lastly, evidence further shows that the two perpetrators were identified at trial as Smalls and Tookes. Based on this combined evidence, we conclude that the evidence was sufficient for a rational jury to find Smalls and Tookes guilty beyond a reasonable doubt of armed robbery. See OCGA § 16-2-20; *Jackson*, 443 U. S. 307; *Robinson v. State*, 246 Ga. App. 576 (541 SE2d 660) (2000).

*Judgments affirmed. Adams and Blackwell, JJ., concur.*

DECIDED JULY 8, 2011.

*Jimmonique R. S. Rodgers*, for appellant (case no. A11A1002).
*L. Elizabeth Lane*, for appellant (case no. A11A1008).
*Tommy K. Floyd, District Attorney, John A. Pipkin III, Assistant District Attorney*, for appellee.