## 63842. GLISSON v. THE STATE.

BANKE, Judge.

Following a non-jury trial, the defendant was convicted of the theft of a quantity of used grease from behind a restaurant. In this appeal, his sole contention is that the evidence was insufficient to support a finding of guilt.

The defendant was in the business of collecting, processing, and selling used grease for use in manufacturing feed, soap, and other products. The victim operated a fried chicken establishment which sold its used grease to a firm in Macon for $25 a barrel. Because barrels of grease had been disappearing from behind the restaurant for over a year, he began to stake the location out by staying there at night. At around 4:00 a.m. on the morning of February 19, 1981, he went to sleep, and at 6:45 he was awakened by the sound of a truck lift being operated at the back of the restaurant. He called the police and then went to the back door, where he heard a truck pulling away. He went outside to check a grease barrel that had been full at 4:00 a.m. and observed that it had been replaced by another barrel which was empty. Although the morning was foggy, a service station employee reported that he had seen a blue and white truck drive onto the restaurant premises shortly after 6:00 a.m. The victim apparently swore out a warrant for the defendant's arrest based solely on information provided to police by a person familiar with the used grease business to the effect that the defendant operated a grease truck meeting this description. The victim testified that the defendant had called him after his arrest and offered to settle the case out of court, stating, "I'd love to see you and your wife satisfied about this thing."

Testifying in his own behalf, the defendant admitted that he had driven his truck behind the restaurant at about 6:00 a.m. on the morning in question but denied having taken any grease. He said that he was working his regular grease route and was merely following his usual practice of checking out new locations to see if they had any grease which he might later offer to purchase. He stated that when he looked into the defendant's barrels they were already empty and explained that while stopped there he took advantage of the slope of the property to rearrange the barrels on his truck. This operation involved dropping the empty barrels to the ground, moving the full ones to the front of the vehicle, and using the lift to replace the empties on the back. Testifying in rebuttal, the victim contradicted the defendant's testimony that any significant slope existed behind the restaurant. *Held:*

Although the evidence against the defendant was purely circumstantial and although there was no evidence placing him in possession of the stolen property, we hold that sufficient evidence existed to enable a rational trier of fact to find him guilty beyond a reasonable doubt. In addition to the extremely suspicious nature of the defendant's activities behind the apparently deserted restaurant at 6:00 a.m. on a foggy February morning, the trial judge was faced with conflicting testimony regarding the existence of the incline and, more importantly, evidence that the defendant had attempted following his arrest to make some sort of settlement with the victim. From all of this evidence, the trial court was authorized to conclude that the defendant's explanation was not credible and thus to find him guilty of theft. See generally *Baker v. State,* 123 Ga. App. 394 (181 SE2d 288) (1971). Compare *Williams v. State,* 126 Ga. App. 350 (190 SE2d 785) (1972).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED MAY 27, 1982 —
REHEARING DENIED JUNE 22, 1982.

*B. Thomas Conger,* for appellant.
*J. Richard Porter III, Solicitor,* for appellee.