## A02A1218. CARTER v. THE STATE.
(571 SE2d 831)

PHIPPS, Judge.

Rossio Carter was charged with armed robbery for taking Curtis Files's car at gunpoint. After a bench trial, Carter was convicted and sentenced to the mandatory minimum of ten years imprisonment without parole. On appeal, he contends that the trial court erred in not considering whether he was guilty of the lesser included offense of robbery by intimidation. Carter also contends that his sentence was unconstitutional. These contentions lack merit, and we affirm.

At trial, Files testified that as he was cleaning his car at a carwash at about 11:00 p.m. on October 1, 1998, a man approached him, pointed a "snub-nose" revolver "dead" at him, and demanded his car. Files testified that he backed away from his car only because the man was armed, and that after he did so, the man fled in his car. Files immediately reported the incident to police, describing the assailant.

Police later received a call that a car was being taken apart in the parking lot of an apartment complex. Officers arrived there and found Files's car being dismantled in front of one of the apartments.

Inside that apartment, officers found a "snub-nose" revolver and items which Files later identified as his. Carter, found sitting in a vacant apartment, was taken into custody because he matched Files's description of the person who took his car. At a showup, Files identified Carter as the robber.

Carter gave written and audiotaped statements to police, wherein he confessed that he had ordered Files to give him the car, that Files had run away, and that he had driven away in Files's car. In the audiotaped statement, the detective asked Carter, "Did you point a gun or anything at [Files]?" Carter answered, "No, sir." Carter's written statement is silent on whether he was armed.

During closing argument, Carter's attorney stated, "Had I submitted this case to a jury, even with the statement that we have in evidence about whether or not he had a gun, I would have been able to submit the charge of at least a lesser included charge of robbery by intimidation." He then asked the court to "make a finding in this case of robbery so we don't throw [Carter] away with the mandatory minimum offense in terms of a finding of guilt as to armed robbery." After hearing from the State, the trial court remarked, "If this were a jury trial in this case, I believe that the evidence would not only not require, but would not authorize a jury charge on a lesser included offense. Based on the evidence in this case, it is armed robbery or it's nothing." The court found Carter guilty of armed robbery.

1. Carter argues that there was evidence that he took Files's car by intimidation, without the use of a handgun or other offensive weapon, and that had he been tried before a jury, he would have been entitled to a jury charge on the lesser included offense of robbery by intimidation. He contends that the court erred in refusing to consider the offense of robbery by intimidation.

We find that the trial court's remarks showed that it did consider the lesser offense, but determined that there was no evidence raising it. And to the extent the trial court's remarks might be interpreted as Carter urges, we still would find no error.

In a bench trial, the trial judge sits as the factfinder and must consider a lesser included offense if there is "some evidence, no matter how slight, that shows that the defendant committed a lesser offense."[1] However, "where the state's evidence establishes all of the elements of an offense and there is no evidence raising the lesser offense," the trial court does not err by not considering the lesser offense.[2]

---

[1] *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994).

[2] (Emphasis omitted.) Id.; see also *Holcomb v. State*, 230 Ga. 525, 527 (198 SE2d 179) (1973) (although the same evidence that authorizes a conviction for armed robbery will also authorize a conviction for robbery by intimidation, failure to charge on robbery by intimidation is not error where the evidence does not demand a charge on that offense).

Here, the state's evidence established all the elements of armed robbery. Carter claims that in his custodial statements, he denied having a gun. But his audiotaped statement raised doubt not about whether he had a gun, but only about whether he *pointed* the gun at Files. There was no evidence that Carter did not have a gun. Even if, as Carter said in his statement, he did not point the gun at Files, the evidence still did not demand the trial court to consider the lesser included offense of robbery by intimidation.

The offense of armed robbery does not require that the robber use an offensive weapon in a menacing or threatening manner to accomplish the robbery.[3] "A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by *use* of an offensive weapon, or any replica, article, or device having the appearance of such weapon."[4] The element of "use" of an offensive weapon is satisfied "when the victim is aware of the weapon and it has the desired forceful effect of assisting to accomplish the robbery."[5] Files testified that he was persuaded to surrender his car only because Carter was armed. Because there was no evidence that Carter committed the robbery without any use of a gun, the lesser offense of robbery by intimidation was not raised in this case. Therefore, consideration of that crime was not required.[6]

2. Carter contends that OCGA § 17-10-6.1, which mandated a minimum term of imprisonment of ten years for his conviction of armed robbery, is unconstitutionally excessive as applied in this case because it deprived the sentencing court of exercising individualized discretion. He further contends that the Code section violates the Separation of Powers doctrine because it deprives the trial judge of exercising discretion as to the severity of the sentence imposed.

---

[3] *Jackson v. State*, 248 Ga. App. 7, 8 (1) (545 SE2d 148) (2001).

[4] (Emphasis supplied.) OCGA § 16-8-41 (a).

[5] (Citation and punctuation omitted.) *Jackson*, supra at 9 (1) (element of "use" satisfied where defendant held knife while demanding victims' property); see also *Oliver v. State*, 232 Ga. App. 816, 819 (2) (503 SE2d 28) (1998).

[6] See *Hopkins v. State*, 227 Ga. App. 567-568 (1) (489 SE2d 368) (1997), overruled on other grounds, *Mullins v. State*, 270 Ga. 450, 451 (2) (511 SE2d 165) (1999); *Thomas v. State*, 226 Ga. App. 441, 444-445 (8) (487 SE2d 75) (1997) (evidence showed that robberies were committed at gunpoint and defendant did not deny he was armed, precluding necessity of a charge on robbery by intimidation); compare *Edwards v. State*, supra at 132-133 (evidence of statement to police by defendant, who was charged with armed robbery, that he broke into a house to steal drugs and money and that after he broke into house, guns were found there, constituted evidence that defendant did not use a weapon to take property, thus mandating the requested charge on a lesser included offense); *Pearson v. State*, 216 Ga. App. 333, 334 (454 SE2d 205) (1995) (where evidence of a lesser included offense was defendant's testimony that he did not use a weapon during the theft, defendant was entitled to a jury charge of the lesser included offense of theft by taking).

These contentions, however, have already been decided adversely to Carter.[7]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 27, 2002.

*Dwight L. Thomas*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Jennifer M. Daniels, Assistant District Attorneys*, for appellee.

[7] See *Campbell v. State*, 268 Ga. 44, 45-46 (1), (2) (485 SE2d 185) (1997).