A04A0207. JOYNER v. THE STATE.
(599 SE2d 286)

SMITH, Chief Judge.

Donald E. Joyner was indicted by a Jenkins County grand jury on two counts of burglary and one count of sexual battery. After a bench trial, he was convicted of one count of burglary and sexual battery. His motion for new trial was denied, and he appeals, asserting the general grounds, failure to consider a lesser included offense, newly discovered evidence, and ineffective assistance of counsel. Finding no error, we affirm.

1. Joyner asserts the general grounds, arguing that the State failed to prove that he entered the victim's home with the intent of committing a theft. Construed in favor of the verdict, the evidence shows that Joyner admitted he entered the victim's home at 1:30 in the morning without permission, explaining that he was intoxicated at the time. He testified that he went into the victim's bedroom and dropped his keys and that he "used the bed as a brace to pick up my keys." The victim testified that she was awakened from sleep by a cold hand on her pubic area. When she asked who it was, Joyner identified himself and said "he wanted to wish [her] a merry Christmas." She chased him out of the house with a pair of scissors, and he cursed her and left. When the sheriff's deputy arrived, he asked the victim if

---

[4] See id.
[5] See *Talmadge v. State,* 236 Ga. App. 454, 456 (1) (c) (512 SE2d 329) (1999).

anything was missing and she checked her electronics and Christmas gifts and reported that nothing was missing. After the deputy left, however, the victim discovered that several bottles of prescription medication were missing from a basket on top of her dishwasher and that her purse had been rifled. She testified that $39 was missing from her wallet.

Joyner argues that the victim's testimony with regard to the missing money and drugs is mere "conjecture" and refers to it as "negative testimony," citing OCGA § 24-4-7. The victim's testimony, however, is more accurately described as circumstantial evidence.

> A conviction may be based upon circumstantial evidence if the proved facts are not only consistent with the hypothesis of guilt, but exclude every other reasonable hypothesis but the guilt of the accused. OCGA § 24-4-6. When the evidence meets this test, circumstantial evidence is as probative as direct evidence, and whether this burden has been met is a question for the jury. When the jury is authorized to find that the evidence, though circumstantial, excluded every reasonable hypothesis except the defendant's guilt, the verdict will not be disturbed unless the verdict is insupportable as a matter of law. Further, while circumstantial evidence must exclude every other *reasonable* hypothesis but the defendant's guilt, the evidence need not exclude every inference or hypothesis.

(Citations and punctuation omitted; emphasis in original.) *Hayes v. State*, 249 Ga. App. 857, 860 (1) (549 SE2d 813) (2001).

> The requisite intent necessary for commission of burglary, pursuant to OCGA § 16-7-1 (a), need not be formed at the precise moment of entry, but can be formed thereafter while the perpetrator is remaining on the premises. Moreover, intent may be inferred from, and usually of necessity must be proved by, circumstantial evidence. Whether the circumstantial evidence adduced at trial was sufficient to prove the requisite intent necessary for each count of burglary was a question of fact for the factfinder.

(Citations and punctuation omitted.) *Hewatt v. State*, 216 Ga. App. 550, 551-552 (2) (455 SE2d 104) (1995). See also *Stephens v. State*, 232 Ga. App. 738, 739 (1) (503 SE2d 643) (1998). Here, Joyner admitted entering the victim's home on the night in question. The victim testified that "there was no one else in my home" from the time that she last saw the money and medication until she noticed it was

missing. Although the evidence of Joyner's intent to commit theft "was purely circumstantial and although there was no evidence placing him in possession of the stolen property, we hold that sufficient evidence existed to enable a rational trier of fact to find him guilty beyond a reasonable doubt." *Glisson v. State*, 162 Ga. App. 665, 666 (291 SE2d 775) (1982).

Joyner contends that certain comments made by the trial court during sentencing show the trial court found "that the defendant probably did not enter the residence with the specific intention of stealing, but of pursuing some other unfulfilled hope." This argument mischaracterizes the trial court's comments. The trial court found Joyner guilty of burglary with the intent to commit theft, but not guilty of burglary with intent to commit rape. The comments refer to the trial court's reason for finding Joyner not guilty of burglary with intent to commit rape. The court stated, "I don't think you entered there with intent to commit rape, I think you went there with an intent to pursue something that didn't come to fruition and was met by a rebuff rather than friendliness, and I think that says well what [the victim] testified to that she didn't think that you intended to rape her." The trial court explicitly stated, "The reason why the court's found you guilty is because I find the testimony of the victim credible." The evidence was sufficient for the trier of fact to find Joyner guilty beyond a reasonable doubt under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Joyner contends the trial court erred in failing to consider criminal trespass, OCGA § 16-7-21 (b), as a lesser included offense of burglary. "Since there is no jury, a bench trial creates fewer possible grounds for appellate review. For example, the conduct of voir dire and jury instructions are not a potential basis for reversal." *Brown v. State*, 277 Ga. 573 (2) (592 SE2d 666) (2004). Nevertheless, "[i]n a bench trial, the trial judge sits as the factfinder and must consider a lesser included offense if there is some evidence, no matter how slight, that shows that the defendant committed a lesser offense." (Punctuation and footnote omitted.) *Carter v. State*, 257 Ga. App. 620, 621 (1) (571 SE2d 831) (2002). In *Carter*, trial counsel discussed at length with the court the jury charges he *would have* submitted in a jury trial, and the trial court responded that the evidence "would not authorize a jury charge on a lesser included offense." Id. at 621. We held that the evidence did not raise the lesser included offense and consideration of that crime therefore was not required. Id. at 622.

Here, the record shows that both Joyner and his counsel put forth the theory of criminal trespass: Joyner testified that "I should have left" and "I realize I had no business at [the victim's] house" but denied that he intended to commit a theft or sexual assault. His counsel argued this as well. Clearly, Joyner's position was that he

knew he should not have entered the house but did so without the intent to commit a theft or rape, and this position was presented to the trial court. Joyner "bears the burden of showing error affirmatively by the record," (footnote omitted) *Carter v. State*, 259 Ga. App. 798, 802 (3) (578 SE2d 508) (2003), and he has not shown that the trial court failed to consider criminal trespass as a lesser included offense. This is particularly true in view of his testimony and counsel's argument as well as the trial court's explicit statement that it believed the victim's testimony over that of Joyner.

3. Joyner contends he is entitled to a new trial on the basis of newly discovered evidence, presenting the affidavits of several witnesses who challenge the victim's testimony that she knew Joyner but had never "partied" or smoked marijuana with him.

> The standard for granting a new trial on the basis of newly discovered evidence is well established. It is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness. All six requirements must be complied with to secure a new trial.

(Citations and punctuation omitted.) *Timberlake v. State*, 246 Ga. 488, 491 (1) (271 SE2d 792) (1980). Joyner has failed to meet five of the six requirements of *Timberlake*. He was obviously aware of the dispute regarding how well the victim knew him, because his counsel cross-examined the victim on this issue and mentioned it in his testimony on direct, naming two of the individuals who later provided affidavits on the motion for new trial. He did not show any reason why he could not in due diligence have obtained the affidavit testimony from these witnesses at some earlier time. The testimony is not material and is merely cumulative, bearing only on how well the victim knew Joyner. Both Joyner and the victim testified that they were acquaintances but had not seen each other in some time. The only issues raised by the affidavits were how well they were acquainted and how they spent their time together. Moreover, the proffered testimony goes only to impeach the witness. This enumeration of error is without merit.

4. Finally, Joyner claims his counsel provided ineffective assistance at trial. His trial attorney represented Joyner on the motion for new trial, and he has now retained new counsel. This appeal therefore appears to be the earliest opportunity for Joyner to raise an ineffective assistance of counsel claim, and remand for an evidentiary hearing ordinarily would be required. But if Joyner's "claims can be resolved as a matter of fact or law upon the existing record, we will not remand this case." (Citation omitted.) *Massingill v. State*, 240 Ga. App. 690 (2) (524 SE2d 746) (1999).

> In order to establish ineffectiveness of trial counsel under *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984), appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable.

(Citations and punctuation omitted.) *Stephens v. State*, 265 Ga. 120, 121 (2) (453 SE2d 443) (1995). Joyner contends that his trial counsel was ineffective in failing to call witnesses to testify to the nature of his acquaintance with the victim and to impeach the victim's testimony that she had never "partied" or smoked marijuana with Joyner. See Division 3.

> In assessing the prejudicial effect of counsel's failure to call a witness (whether that failure resulted from a tactical decision, negligent oversight, or otherwise), a defendant is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case. The failure of trial counsel to employ evidence cannot be deemed to be "prejudicial" in the absence of a showing that such evidence would have been relevant and favorable to the defendant.

(Citation and punctuation omitted.) *Letson v. State*, 236 Ga. App. 340, 341 (2) (512 SE2d 55) (1999). As noted above, the proffered testimony went merely to the details of the admitted acquaintance between Joyner and the victim before the incident, not to the facts surrounding the incident itself or the charges against Joyner. Its only purpose was to impeach the victim's testimony regarding how well she knew Joyner, an issue on which trial counsel cross-examined her. "Although these . . . witnesses may have served to impeach the testimony of the victim . . . to a degree, their testimony does not go to whether

the victim was, in fact, assaulted. Under these circumstances, we cannot say that [appellant] was prejudiced by the absence of this evidence." (Footnote omitted.) *Clonts v. State*, 260 Ga. App. 143, 148 (5) (a) (579 SE2d 1) (2002). Therefore, based on the record, Joyner's claim of ineffective assistance of counsel is without merit. *Massingill*, supra.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MAY 7, 2004.

*James K. Kidd*, for appellant.

*Richard A. Mallard, District Attorney, Michael T. Muldrew, Assistant District Attorney*, for appellee.