In the Supreme Court of Georgia

Decided: October 6, 2014

S14A0855. THE STATE v. ABERNATHY.
S14X0856. ABERNATHY v. THE STATE.

MELTON, Justice.

Following a November 17-21, 2008 jury trial, Samuel Mitchell Abernathy was convicted of malice murder in connection with the January 2008 stabbing death of Darrin Ramey and sentenced to life in prison. On December 19, 2008, Abernathy filed a timely motion for new trial, which he later supplemented by filing an extraordinary motion for new trial on April 1, 2010, alleging the discovery of new evidence. The trial court granted Abernathy's motion for new trial on grounds of ineffective assistance of counsel, denied the other grounds in his motion seeking a new trial, and declined to reach the issues raised in Abernathy's extraordinary motion for new trial. In State v. Abernathy, 289 Ga. 603 (715 SE2d 48) (2011), this Court reversed the trial court's ruling to grant Abernathy a new trial, affirmed the trial court's decision to deny Abernathy's other grounds for a new trial, and remanded the case to the trial court for

consideration of Abernathy's extraordinary motion for new trial.

In his extraordinary motion, Abernathy contended that new evidence came to light during the initial motion for new trial.[1] Specifically, a man named John Geren, who had originally been arrested for the murder as a potential accomplice of Abernathy, but who was later released without being tried, had allegedly made statements to his attorney that were inconsistent with both his trial testimony and his pretrial interview with the District Attorney's office. In this regard, when Geren was interviewed under oath by law enforcement and prosecutors on March 12, 2008, and when he later testified at trial, Geren stated that the victim, Ramey, did not say anything to Abernathy before being stabbed. However, during the hearings on Abernathy's motions for new trial, Geren waived his attorney-client privilege, which allowed Abernathy's counsel to access Geren's first attorney's notes from an interview with Geren that the attorney had conducted on January 10, 2008. In those notes, the attorney wrote that Geren had told him that "Ramey said as they were reaching the parking lot

---

[1] On remand, the trial court also granted Abernathy leave to amend his extraordinary motion for new trial to add additional claims. Those additional claims are at issue in Abernathy's cross-appeal, Case No. S14X0856.

2

[where Ramey was stabbed], I'm going to kill both of you faggots." Abernathy alleged that this inconsistency was significant due to the fact that he had argued self-defense at his trial. Following a June 26, 2013 hearing, the trial court granted Abernathy's extraordinary motion on October 1, 2013. In Case No. S14A0855, the State appeals from this ruling, and, in his cross-appeal, Abernathy contends that the trial court erred in rejecting the other grounds that he raised in his extraordinary motion for new trial. For the reasons that follow, we reverse in Case No. S14A0855, and we affirm in Case No. S14X0856.

*Case No. S14A0855*

1. The State correctly contends that the trial court erred by granting Abernathy's extraordinary motion for new trial based on newly-discovered evidence.

> [A] new trial may be granted based on newly-discovered evidence *only* where the defendant shows each of the following: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness. (Citations and punctuation omitted.) Timberlake v. State, 246 Ga. 488, 491 (1) (271 SE2d 792) (1980). . . . Extraordinary motions for

new trial are "not favored," and "a stricter rule is applied to an extraordinary motion for a new trial based on the ground of newly[-]available evidence than to an ordinary motion on that ground." (Citation and punctuation omitted.) Crowe v. State, 265 Ga. 582, 590-591 (15) (458 SE2d 799) (1995).

(Emphasis supplied.) Davis v. State, 283 Ga. 438, 440 (2) (660 SE2d 354) (2008).

Pretermitting the question of whether the other five factors can be met here, as a matter of law, Abernathy cannot show that his new evidence does anything more than impeach the trial testimony of Geren, which is insufficient by itself to warrant the granting of an extraordinary motion for new trial. Drake v. State, 248 Ga. 891 (1) (287 SE2d 180) (1982). See also, e.g., Lasseter v. Simpson, 78 Ga. 61, 66 (3 SE 243) (1887) ("He swore one way, and talked another . . . and they want a new trial on this ground. Of course they cannot get it"). The fact that Geren said one thing to his attorney but then told a different story to police and at trial goes strictly to Geren's credibility.

This is not a case in which the new evidence is more than merely impeaching, as Geren has not been convicted of perjury (see OCGA § 17-1-4), nor is the evidence "the kind of evidence that proves the witness' previous testimony was the purest fabrication. See, e.g., Fugitt v. State, [251 Ga. 451 (1)

4

(307 SE2d 471) (1983)] (the evidence offered was *extrinsic proof* that the witness' testimony *was physically impossible*; consequently, the trial court was able to determine the truth of the matter *without having to take into account the witness' credibility*)." (Emphasis supplied; citations and punctuation omitted.) Davis, supra, 283 Ga. at 441 (3) (A). See also Peppers v. State, 242 Ga. App. 416, 420 (2) (530 SE2d 34) (2000) ("[T]he type of evidence that proves, beyond any doubt, that trial testimony was false is evidence which removes the issue of the witness' credibility, such as evidence that shows that the witness' trial testimony was physically impossible. See, e.g., Fugitt[, supra]"). There is no extrinsic proof in this case that removes the issue of Geren's credibility by affirmatively demonstrating that his trial testimony was the purest fabrication. To the contrary, the notes from Geren's attorney *only* provide a means of attacking Geren's credibility, which, again, is an insufficient basis for granting an extraordinary motion for new trial. Accordingly, the trial court erred in granting Abernathy's extraordinary motion.

*Case No. S14X0856*

2. The record reveals that all of Abernathy's arguments in his cross appeal relating to (1) alleged ineffective assistance of trial counsel due to a conflict of

5

interest, and (2) the denial of his right to a public trial, were previously rejected by the this Court in his first appeal. See generally Abernathy, supra, 289 Ga. 606-611 (3) and (5). Furthermore, the trial court correctly found that it was prohibited from making any new rulings in this case that were contrary to this Court's decision in Abernathy's prior appeal. OCGA § 9-11-60 (h) ("[A]ny ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be"). Abernathy has presented nothing of merit in his cross appeal.

Judgment reversed in Case No. S14A0855. Judgment affirmed in Case No. S14X0856. All the Justices concur.