In the Supreme Court of Georgia

Decided:   October 20, 2014

S14A1022.  GLOVER v. THE STATE.

THOMPSON, Chief Justice.

A jury found appellant Kionte Glover guilty of felony murder and other crimes in connection with the shooting and killing of Ronnie Ferguson and the shooting and injuring of Melissa Henderson-Smith and James Fennell.[1] Appellant appeals, contending that the trial court erred in denying his motion for new trial based on newly discovered evidence, in admitting a prior consistent statement of a State's witness, and in recharging the jury.  We affirm.

---

[1] The crimes occurred on September 12, 2008.  On October 28, 2008, appellant was indicted by a Polk County grand jury as a party to the crimes of malice murder, felony murder, and three counts of aggravated assault.  He was also charged with attempted armed robbery and possession of a firearm during the commission of a crime.  On April 9, 2009, a jury found appellant guilty on all counts but malice murder and attempted armed robbery.  On June 3, 2009, the trial court merged the verdict of guilty for the aggravated assault of Ferguson with the felony murder verdict and sentenced appellant to life in prison for felony murder and to terms of years on the remaining verdicts. Appellant was granted leave to file an out-of-time appeal on August 5, 2010, and on August 6, he filed a motion for new trial.  Appellant amended his motion for new trial on November 5, 2012, and the trial court denied the motion, as amended, on November 26, 2013.  Appellant filed a timely notice of appeal, and the case was docketed in this Court for the April 2014 term and submitted for decision on the briefs.

1. The evidence at trial, taken in the light most favorable to the verdict, shows that on the night of September 12, 2008, appellant and Tyson Wilson[2] went to the home of Melissa Henderson-Smith. They did so, according to appellant's pre-trial statement to the police, for the purpose of selling cocaine. As they approached the front door of the home, they encountered a neighbor, Constance Babb, who was walking a few steps behind them. Appellant told Babb to leave, because they were "trying to do some business here," and Babb returned home. Henderson-Smith, Ferguson, Fennell, and Dean Bryant were present at the home. The door to the house was cracked open, and appellant and Wilson came into the living room without knocking, and appellant locked the door. Appellant briefly met with Ferguson in a back bedroom and then came back to the living room where the others were. Wilson started demanding money from others in the room, and appellant handed Wilson a silver revolver. When Bryant saw the gun, he went to another room and hid. At that time, Fennell, who was sitting by the door and had unlocked it, tried to open the door, but appellant blocked him from doing so. The others in the home asked

---

[2] Wilson was separately indicted for the same crimes; he did not testify at appellant's trial and pled guilty to murder after appellant was convicted.

appellant and Wilson to leave. Wilson then shot Henderson-Smith in the neck, severely wounding her. Ferguson struggled with Wilson for the gun, but appellant pushed him down. Wilson retained control of the gun and shot Ferguson in the face, killing him. As Fennell ran out the door, Wilson shot at him, grazing the side of his head. Fennell and Bryant ran to neighbors' houses. Appellant later disposed of the gun, which was never found. Although appellant told the detective who interviewed him the day after the crimes that he only went with Wilson to Henderson-Smith's house to sell cocaine, that he did not know that Wilson had a gun, and that he "took off running" when Wilson fired the first shot, Babb testified that she was sitting by a window when she heard the shots and that, shortly thereafter, she heard Wilson and appellant talking near her window.

We conclude that the evidence presented at trial was sufficient to authorize a rational jury to find appellant guilty beyond a reasonable doubt of the crimes of which he was convicted. See Jackson v. Virginia, 443 U. S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979); OCGA § 16-2-20 (parties to a crime).

2. Appellant contends that the trial court erred in denying appellant's motion for new trial based on newly discovered evidence. We disagree.

At the motion for new trial hearing, appellant presented, as newly discovered evidence, affidavits from three witnesses who testified at trial that they had seen appellant with a silver revolver on the night of the crimes. In their affidavits, the witnesses recanted their testimony and said that their testimony resulted from coercion by the lead detective or the prosecutor or both. At the motion for new trial hearing, the lead prosecutor and detective denied that they had pressured or threatened the witnesses. After the hearing, the trial court denied appellant's motion for new trial based on newly discovered evidence.

To obtain a new trial based on newly discovered evidence, a defendant must show each of the following:

> (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness.

Drane v. State, 291 Ga. 298, 300 (728 SE2d 679) (2012) (quoting Timberlake v. State, 246 Ga. 488, 491 (271 SE2d 792) (1980)). "[T]he failure to satisfy even one [of these requirements] means that the motion for new trial must be

4

denied." Charleston v. State, 292 Ga. 678, 684 (743 SE2d 1) (2013). A "trial court's ruling on such a motion 'will not be reversed unless it affirmatively appears that the court abused its discretion.'" Davis v. State, 283 Ga. 438, 440 (660 SE2d 354) (2008) (citation omitted).

Here, appellant's new evidence, consisting of the witnesses' recantations and statements that they were pressured to testify at trial in favor of the State, relates only to the witnesses' credibility and is therefore merely impeaching. Appellant offered no new evidence beyond that, such as evidence that the witnesses had been "convicted of perjury" or that their "'previous testimony was the purest fabrication,'" because, for example, it was "physically impossible." State v. Abernathy, __ Ga. __, __ (__ SE2d __) (2014) (Case No. S14A0855, 2014 Ga. LEXIS 745, *4-5) (describing such new evidence as "more than merely impeaching"). Appellant thus failed to satisfy the requirement that his new evidence do more than impeach the credibility of a witness. See Drane, 291 Ga. at 300.

For this reason, the trial court did not abuse its discretion in denying appellant's motion for new trial.

3. Appellant contends that the trial court erred by permitting the State to

introduce a prior consistent statement that Coleman Mahoney made to his mother. Mahoney's mother testified that, the day after the crimes, her son told her that appellant had left a revolver and shell casings at his apartment the previous night and that he had taken them to appellant's house about 2:00 a.m. We need not, however, decide whether the trial court erred in permitting Mahoney's mother to testify about her son's statement to her, because we conclude that any error in admitting the prior consistent statement was harmless.

In analyzing harm, "we may not rely on the fact that [the witness] gave testimony at trial that was consistent with the prior statement that should not have been introduced, as the very nature of the error in admitting the prior consistent statement 'is that it is repetitive of that to which the witness has already testified.'" Character v. State, 285 Ga. 112, 120 (674 SE2d 280) (2009) (citation omitted). "In other words, we cannot look to [Mahoney's] improperly bolstered testimony to show that the bolstering error was harmless." Cowart v. State, 294 Ga. 333, 341-342 (751 SE2d 399) (2013).

Here, Mahoney testified that he saw appellant several hours before the crimes with a silver revolver, and we may consider this testimony in evaluating harm since it was not bolstered by the prior consistent statement. See Duggan

6

v. State, 285 Ga. 363, 367 (677 SE2d 92) (2009). Moreover, several witnesses other than Mahoney and the surviving victims testified that, on the night of the crimes, they saw appellant with a silver revolver, and two of the surviving victims testified that appellant handed Wilson the gun once the two were inside Henderson-Smith's house. Independent of the evidence of appellant's possession of the revolver, there is strong evidence that appellant was a party to the charged crimes. This includes the three surviving victims' description of appellant's conduct during the crimes (locking the door, stopping Fennell from opening the door, and pushing Ferguson to the ground), as well as Babb's testimony that appellant told her to leave Henderson-Smith's house just before the crimes and left the crime scene with Wilson after the crimes. Given the strength of the evidence against appellant, apart from Mahoney's bolstered testimony, we conclude that any error in admitting the prior consistent statement was harmless. See Cowart, 294 Ga. at 342 (holding that an error in admitting a prior consistent statement was harmless in light of the strong evidence of appellant's guilt).

4. After recharging the jury on the definitions of malice murder and felony murder, the trial court ended by telling the jury that if it found beyond a

reasonable doubt that appellant was guilty of malice murder and felony murder, the form of its verdict would be to find appellant guilty of those crimes. The trial court did not tell the jury that, if it found that appellant did not commit the offenses or if it had a reasonable doubt as to his guilt, its duty would be to acquit and the form of its verdict would be to find appellant not guilty of those crimes. Appellant contends that the failure to include the latter instruction was error, as, without it, the recharge unduly emphasized the jury's guilty option at the expense of its option to acquit. We disagree.

In resolving this issue, we review the trial court's charge and recharge as a whole. See Doyle v. State, 291 Ga. 729, 734 (733 SE2d 290) (2012) (holding that, in reviewing whether the trial court's recharge confused the jury, we must view the original charge and recharge as a whole). In its initial charge, the trial court instructed the jury that appellant was presumed innocent and had no burden to prove his innocence; that the State had the burden to prove every essential element of the crime beyond a reasonable doubt; that no person could be convicted of any crime unless the State carried its burden of proof; that if the State failed to prove appellant's guilt beyond a reasonable doubt, it would be the jury's duty to acquit; and that, if the jury did not believe that appellant had

8

committed any offense or if it had a reasonable doubt as to his guilt on any offense, it would be the jury's "duty to acquit the defendant in which event the form of your verdict would be: We the jury find the defendant not guilty as to any such particular count or offense." Moreover, in its recharge, the court told the jury that to convict appellant of either malice murder or felony murder, it had to find him guilty beyond a reasonable doubt. Considering the charge and the recharge as a whole, we find the charges adequately instructed the jury of its duty to acquit appellant if the State failed to prove appellant guilty beyond a reasonable doubt. See Van v. State, 294 Ga. 464, 465-466 (754 SE2d 464) (2014) (holding that, considering the trial court's charge and recharge as a whole, particularly the instructions on the presumption of innocence, the burden of proof, and the duty to acquit if reasonable doubt existed, the trial court did not err in charging the jury on the form of its verdict in the event of a finding of guilty but failing to give a similar charge in the event of a finding of not guilty). Moreover, the jury's finding of not guilty on malice murder indicates that the trial court's instruction did not confuse the jury and cause it to favor a conviction over an acquittal.

Judgment affirmed. All the Justices concur.