**SECOND DIVISION
MILLER, P. J.,
HODGES and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 24, 2021**

# In the Court of Appeals of Georgia

A21A0161. JEFFERSON v. THE STATE.

PIPKIN, Judge.

Following a jury trial, Michael Jefferson was convicted of armed robbery and aggravated assault. Jefferson appeals, arguing that the trial court gave improper instructions to the jury on lesser included offenses and in failing to merge his conviction for aggravated assault with his armed robbery conviction. For the reasons explained below, we affirm in part and reverse in part.

Viewed in the light most favorable to the verdict, the evidence at trial showed

the following.[1] On July 6, 2009, the victim walked to a store to buy cigarettes and a bottle of liquor. During his return trip, he was approached from behind by three men. One of the men asked the victim for a cigarette, and as the victim reached to retrieve it, one of the men yelled "go," and the group attacked him; as the victim struggled with one of the assailants, another punched him in the head with a closed fist. The victim fell to the ground where he was struck with a stick, and kicked and punched repeatedly. The assailants took his backpack which contained his wallet as well as the liquor and cigarettes he had just purchased. The victim reported the robbery to police who located Jefferson and his co-defendants some time later that day. Jefferson was found concealing a bottle of the same brand of liquor stolen from the victim. The victim identified Jefferson as one of his assailants at trial, and Jefferson was implicated in the crime by a juvenile participant in the robbery, who testified as a witness for the State.

---

[1] Jefferson's jury trial concluded December 9, 2009 in the Superior Court of Walker County. Despite numerous letters from Jefferson, a hearing on his motion for new trial was not held until March 12, 2019. Neither the record nor the briefs offer any explanation for the near decade-long delay. As our Supreme Court has explained, "[t]hese delays put at risk the rights of defendants and crime victims and the validity of convictions obtained after a full trial. . . .[I]t is the duty of all those involved in the criminal justice system, including trial courts and prosecutors as well as defense counsel and defendants, to ensure that the appropriate post-conviction motions are filed, litigated, and decided without unnecessary delay." *Shank v. State*, 290 Ga. 844, 849 (5) (c) (725 SE2d 246) (2012).

1. Jefferson urges that the trial court's instruction to the jury that they were "entitled but not required" to consider lesser-included offenses constitutes plain error. We disagree.

Because there was no objection to the jury charge as given, Jefferson must show plain error. OCGA § 17-8-58 (b); *Reason v. State*, 353 Ga. App. 266, 268 (836 SE2d 223) (2019).

> To meet the standard for plain error, [Jefferson] must show an error: (1) that has not been "affirmatively waived"; (2) that is "clear or obvious"; and (3) that affected his "substantial rights." In other words, if an alleged error regarding a jury instruction has not been affirmatively waived, then the proper inquiry is whether the instruction was erroneous, whether it was obviously so, and whether it likely affected the outcome of the proceedings.

(Citations and punctuation omitted.) *Morris v. State*, 303 Ga. 192, 197 (V) (811 S.E.2d 321) (2018). "Satisfying all four prongs of this standard is difficult, as it should be." *State v. Kelly*, 290 Ga. 29, 33 (2) (a) (718 SE2d 232) (2011). Applying this standard, we discern no plain error.

Jefferson requested jury instructions on, among other things,[2] the lesser included offenses of robbery and theft by taking based on the suggested pattern charge.[3] After defining the crime of armed robbery, the trial court instructed the jury: "As to Count 1 I instruct you that as jurors you would be entitled to, but not required to consider the lesser included offense of robbery." The court went on to define robbery. While explaining the "form" of the verdict, the trial court also informed the jury that "[w]hatever your verdicts are on each count they must be unanimous and agreed to by all 12 of you..." The court then charged "As I told you ladies and gentlemen, you would be entitled but not required in count one of each indictment to consider the offense of robbery, if that be your verdicts in those particular counts, if you find beyond a reasonable doubt that the Defendant did commit the offense of robbery and you choose to consider it, then the form of your verdict as to count 1 would be, guilty

[2] Because of our ruling in Division 2 of this opinion, we need only consider the jury instructions pertaining to armed robbery. *See Mack v. State*, 338 Ga. App. 854, 857 (2) (792 SE2d 120) (2016).

[3] The lesser offense pattern charge provides, "[i]f you do not believe beyond a reasonable doubt that the defendant is guilty of (indicted crime), but do believe beyond a reasonable doubt that the defendant is guilty of [lesser included offense], then you would be authorized to find the defendant guilty of [lesser included offense], and the form of your verdict in that event would be, "We, the jury, find the defendant guilty of [lesser included offense]." Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2007) § 1.60.11.

4

of robbery, not guilty of armed robbery, but guilty of robbery and you would have to set that out."

Relying on *Cantrell v. State*, 266 Ga. 700 (469 SE2d 660) (1996), and *Kunselman* v. State, 232 Ga. App. 323 (501SE2d 834) (1998), Jefferson contends that the instruction that jurors were "not required" to consider lesser included offenses, coupled with the instruction on unanimity, was plain error because it implied that the jury had to reach a unanimous verdict on the armed robbery before considering the lesser included offenses. This reliance is misplaced. Unlike *Cantrell* or *Kunselman,* the jury in this case was not told they had to reach a verdict of not guilty on the indicted offense before they could began deliberating on the lesser included offense.[4]

While we agree that the trial court's instruction that the jury was "entitled but not required" to consider the lesser included offense does not offer specific guidance to the jury on how to deliberate on lesser included offenses, it does not prevent the jurors from "considering all options available to them" as Jefferson argues. The trial

---

[4] *Cantrell*, 266 Ga. at 703 (where jury reached a unanimous verdict on the lesser included, it was error to require unanimous verdict on greater offense); *Kunselman*, 232 Ga. App. at 324-325 (1) (error for the trial court to instruct the jury that "if you find the defendant not guilty of burglary, you would *then and only then* be authorized to consider the lesser included offense of criminal trespass," coupled with an instruction that the jury had to reach a unanimous verdict) (punctuation omitted; emphasis supplied).

5

court's instruction merely authorized the jury to determine whether the lesser included offenses were appropriate based on the evidence. It did not prevent the jury from considering whether the state proved each and every material allegation in the indictment, including whether or not a deadly weapon was used in the robbery. This Court has repeatedly upheld jury instructions that require a jury to deliberate on greater charges before considering lesser included offenses. *Reason*, 353 Ga. App. at 268 (1) ("A trial court is authorized to instruct a jury to consider a greater offense before it considers a lesser included offense, so long as the court does not go further and require the jury to reach a unanimous verdict on the greater offense before considering the lesser."); *State v. Nicholson*, 321 Ga. App 314, 318-319 (2) (739 SE2d 145) (2013) (same). While a trial court sitting as a factfinder, must consider a lesser included offense if there is any evidence to support it, *Joyner v. State*, 267 Ga. App. 309, 311 (2) (599 SE2d 286) (2004), Jefferson points to no authority requiring the same consideration from a jury. Indeed the language in the pattern jury instruction "you would be authorized" is also permissive. Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2007) § 1.60.11. See *McCorquodale v. State*, 233 Ga. 369, 374 (II) (3) (211 SE2d 577) (1974) ("term 'may' was held to *authorize* the judge in his discretion to so act but not to require him to do so") (emphasis supplied.). Moreover,

6

even if we were to deem the trial court's instructions erroneous, the error was not clear or obvious. Jefferson cities to no cases directly on point and acknowledged that this specific issue has not been decided. While it is preferred that a trial court give the pattern charges, see *Camphor v. State*, 272 Ga. 408, 415 (6) (d) (529 SE2d 121) (2000), there is no requirement that a trial court use the suggested pattern charges verbatim, see *Bailey v. Edmundson*, 280 Ga. 528, 534 (7) (630 SE2d 396) (2006). With regard to the third prong of the *Kelly* test, Jefferson offers only speculative theories on the effect of the charge on the jurors' deliberation to suggest that the alleged error affected the outcome. While there was evidence to support the lesser offense of robbery, there is nothing in the record to suggest that the jury was confused or did not unanimously decide to convict Jefferson of armed robbery. Accordingly, there is no plain error. *State v. Christ*, 341 Ga. App. 411, 418 (801 SE2d 545) (2017) (appellant has the burden to show that the error likely affected the outcome).

2. Jefferson argues that the trial court erred in failing to merge his conviction for aggravated assault into his conviction for armed robbery. We agree.

The doctrine of merger applies when a defendant is prosecuted for multiple criminal offenses, but as a matter of substantive double jeopardy, may be punished only once. See OCGA § 16-1-7 (a); *Scott v. State*, 306 Ga. 507, 509 (2) (832 SE2d

7

426) (2019). The "required evidence test" applies "where the same act or transaction constitutes a violation of two distinct statutory provisions" and the appropriate inquiry is "whether each provision requires proof of a fact which the other does not." (Citation and punctuation omitted.) *Drinkard v. Walker*, 281 Ga. 211, 215 (636 SE2d 530) (2006). "Whether offenses merge is a legal question, which we review de novo." (Citation and punctuation omitted.) *Fordham v. State*, 352 Ga. App. 520, 526 (3) (835 SE2d 360) (2019).

The Supreme Court of Georgia has made clear that aggravated assault with a deadly weapon merges into armed robbery if the crimes are part of the same act or transaction "because there is no element of aggravated assault with a deadly weapon that is not contained in armed robbery." (Citations and punctuation omitted.) *Chambers v. Hall*, 305 Ga. 363, 365 (3) (825 SE2d 162) (2019). Here, the trial court sentenced Jefferson on armed robbery and one count of aggravated assault.[5] Count 1 of Jefferson's indictment charged him with armed robbery by taking a wallet,

[5] Immediately following the trial, the trial court sentenced Jefferson to twenty years to serve for armed robbery (Count 1); aggravated assault with intent to rob (Count 2) was merged with Count 1; and ten years to serve on probation on each of the remaining aggravated assault counts (Count 3 and Count 5) to run concurrently. At a subsequently held hearing on his motion for new trial, the trial court merged Count 3, aggravated assault with an offensive weapon, with armed robbery. One count of aggravated assault, Count 5, remains as the subject of this appeal.

8

cigarettes, and a bottle of liquor from the victim "by the use of a tree branch, an offensive weapon." Count 5 charged Jefferson with aggravated assault in that he assaulted the victim "with hands and feet, objects which when used offensively against a person are likely to result in serious bodily injury[.]"[6] While Count 5 of the indictment charges Jefferson with aggravated assault through the use of a different offensive weapon than the one charged in Count 1, the required evidence test still demands merger of this count into the armed robbery conviction. As the Supreme Court explained in *Scott*, "the 'facts' of crimes to which the *Drinkard* test refers are the elements of the two crimes at issue, not the particular facts describing how those crimes were committed." 306 Ga. 507, 509 (3) n.3. Here, the fact that the two different offensive weapons were used during the course of the robbery does not avoid merger under the required evidence test unless one crime was completed before the other began. In this case, the aggravated assault occurred when Jefferson and his co-defendants struck the victim with their hands, feet and a tree branch to effectuate a robbery; while the armed robbery began when Jefferson and his co-defendants grabbed, punched, kicked and hit the victim with a tree branch and ended when they took his personal property. Both the armed robbery and all counts of the aggravated

_____

[6] The indictment was apparently misnumbered, skipping Count 4 entirely.

9

assault are part of the same transaction and the trial court erroneously failed to merge the final count of aggravated assault with the armed robbery conviction. See *Chambers*, 305 Ga. at 365 (3); *Irving v. State*, 351 Ga. App. 779, 787-788 (6) (833 SE2d 162) (2019); *Polanco v. State*, 328 Ga. App. 513, 515-516 (1) (759 SE2d 640) (2014); *Crowley v. State*, 315 Ga. App. 755, 758-760 (3) (728 SE2d 282) (2012) (merger was required where "co-defendants' actions, which occurred either concurrently or in rapid succession, were committed as part of one uninterrupted criminal transaction and in pursuit of a specific, predetermined goal: the armed robbery of a single victim."). Accordingly, the trial court's failure to merge the remaining aggravated assault charge with the armed robbery conviction was error. We vacate the conviction and sentence on Count 5 and remand for resentencing consistent with this opinion. See *Kirt v. State*, 309 Ga. App. 227, 232 (2) (709 SE2d 840) (2011) (vacating conviction and sentence).

*Judgment affirmed in part and vacated in part, and case remanded for resentencing. Miller, P. J., and Hodges, J., concur*.