312 Ga. 195
FINAL COPY

S21A0504.  WILLIAMS v. THE STATE.

MCMILLIAN, Justice.

Santiago James Williams appeals his convictions for the murders of Andrew Steven Coleman and Martial "Montrell" Washington. His sole contention is that he is entitled to a new trial because the State's key witness's post-trial testimony amounts to newly discovered evidence. We disagree and affirm.[1]

---

[1] On November 21, 2006, a Chatham County grand jury returned an indictment charging Williams and two co-indictees with two counts of malice murder, two counts of felony murder, one count of armed robbery, and three counts of possession of a firearm during the commission of a felony. At a trial held from April 27 to 29, 2009, a jury found Williams guilty of all counts except one firearm-possession count and armed robbery, for which he was found guilty of the lesser-included offense of aggravated assault with intent to rob. The court sentenced him to serve life in prison for each murder, twenty years in prison for aggravated assault, and five years in prison for each of the remaining firearm-possession counts, all to be served consecutively. The court purported to merge the felony murder counts into the malice murder counts, but the felony murder counts were actually vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369, 373 (5) (434 SE2d 479) (1993).

Williams filed a motion for new trial on May 28, 2009, which was denied on August 4, 2010. His trial counsel filed a notice of appeal on August 24, 2010, but did not respond to the clerk's office notifying him of errors in the filing until he corrected them on June 29, 2012. Because trial counsel did not pay the bill

The evidence at trial showed that on August 30, 2006, as Williams and others, including Malcolm Bostick, Marcus Fennell, and Gabriel Gulley, were drinking and taking drugs, they discussed the possibility of robbing and killing Coleman. Fennell arranged a meeting with Coleman at a nearby park that night. At the park, Williams and Fennell initiated a drug buy with Coleman and Washington, who arrived together in Coleman's car, while the others stood by. After the drugs traded hands, Williams shot Coleman. Bostick then ran over and shot Washington. The attackers briefly searched the car, and the group dispersed. Coleman and Washington succumbed to their gunshot wounds.

Williams, Bostick, and Fennell were tried separately, with

---

of costs, however, the record was not transmitted. Williams, acting pro se, requested new appointed counsel in 2013 and asserted his indigence; however, it does not appear that the trial court acted on this request. Trial counsel passed away in 2016. In the meantime, Williams filed a habeas corpus action, which was dismissed as premature, and again requested counsel in 2018 and 2019. New counsel made an appearance and filed for an out-of-time appeal on December 16, 2019, which was granted on June 11, 2020. However, because counsel apparently did not receive notice of the granted out-of-time appeal, the order was vacated and re-issued on September 25, 2020. Williams timely filed a second notice of appeal. His case was docketed to the April 2021 term of this Court and submitted for a decision on the briefs.

Williams tried first. Gulley moved out of state after the crimes, was never charged in relation to the murders, and testified for the State at Williams's trial. So that Gulley would not need to travel again for the other two trials, the trial court allowed Gulley's testimony to be preserved through a video deposition the week after Williams's trial.

In his sole enumeration of error, Williams argues that the trial court abused its discretion in not granting him a new trial based on newly discovered evidence from Gulley's post-trial deposition testimony. To obtain a new trial under OCGA § 5-5-23 based on newly discovered evidence, a defendant must show: first, that the evidence came to his knowledge after his trial; second, that the failure to discover the evidence sooner was not due to his lack of due diligence; third, that the evidence is so material that it would probably produce a different verdict; fourth, that the evidence is admissible and not cumulative only; fifth, an affidavit of the witness or an explanation for its absence; and sixth, that the effect of the evidence would be more than to impeach the witness's credibility. See *Wimberly v. State*, 302 Ga. 321, 326 (3) (806 SE2d 599) (2017)

3

(citing *Timberlake v. State*, 246 Ga. 488, 491 (1) (271 SE2d 792) (1980)). A defendant fails to meet his burden if he cannot satisfy one of these requirements, and "[a] trial court's ruling on such a motion will not be reversed unless it affirmatively appears that the court abused its discretion." *Glover v. State*, 296 Ga. 13, 15 (2) (764 SE2d 826) (2014) (cleaned up).

Gulley's deposition testimony was largely the same as his trial testimony, except that during the deposition, Gulley mentioned that he and the other perpetrators spent time with two others named Brian and Gary after the murders. In the order denying the motion for new trial, the trial court concluded that "[t]he discrepancies that defendant points out are relatively minor and do not lead to a conclusion that the witness knowingly gave false testimony."[2]

We see no error in the trial court's conclusion that Williams failed to show that he was entitled to a new trial. The State elicited

---

[2] In his motion for new trial, Williams presented other purportedly material differences to argue that Gulley's testimony was willfully and knowingly false, but he does not assert this argument or those differences on appeal.

4

the so-called new evidence at Gulley's deposition by simply asking him what happened, which Williams was also able to do at trial on cross-examination but did not. Williams's failure to sufficiently cross-examine shows a lack of due diligence. See *Smith v. Smith*, 293 Ga. 563, 566 (5) (748 SE2d 456) (2013) (in divorce case using same test for newly discovered evidence, husband lacked due diligence because he did not cross-examine wife at trial); *Timberlake*, 246 Ga. at 491-92 (1); *Joyner v. State*, 267 Ga. App. 309, 312 (3) (599 SE2d 286) (2004) (lack of due diligence where evidence could have been obtained earlier, such as on cross-examination). Plus, Gulley's deposition testimony "would only have had the effect of impeaching" his credibility as a witness by demonstrating inconsistencies between his testimony at trial and his deposition, which the trial court correctly concluded were "relatively minor." *Wimberly*, 302 Ga. at 327 (3); *Glover*, 296 Ga. at 15 (2). Therefore, Williams also failed to make the requisite showing that the evidence was so material that it would probably produce a different verdict. See *Wimberly*, 302 Ga. at 326 (3). Accordingly, we cannot say that the trial court

5

abused its discretion in denying Williams's motion for new trial.

*Judgment affirmed. All the Justices concur, except Colvin, J., not participating.*

Decided August 10, 2021.

Murder. Chatham Superior Court. Before Judge Karpf.

*Amanda J. Walker*, for appellant.

*Meg E. Heap, District Attorney, Bradley R. Thompson,*

*Assistant District Attorney; Christopher M. Carr, Attorney General,*

*Patricia B. Attaway Burton, Deputy Attorney General, Paula K.*

*Smith, Senior Assistant Attorney General, Eric C. Peters, Assistant*

*Attorney General*, for appellee.